1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10    ISIDRO ROMAN,                              Civil No.    07cv1343-JLS (POR)

11                              Plaintiff,       **REPORT AND RECOMMENDATION
                                                 THAT DEFENDANTS' MOTION TO
12                   v.                          DISMISS BE GRANTED**

13    M. KNOWLES, et al.,                        **[Document No. 41]**

14                              Defendant.

15                              **I. INTRODUCTION**

16          On December 11, 2007, Plaintiff Isidro Roman, a state prisoner proceeding *pro se*, filed a

17    second amended civil rights complaint pursuant to 42 U.S.C. § 1983 against the following

18    Defendants: Mike Knowles, warden of the Kern Valley State Prison ("KVSP"); G. Giurbino, warden

19    of the California State Prison at Calipatria ("CSP-CAL"); S. Zamora, healthcare manager of KVSP;

20    M.E. Bourland, chief deputy warden at CSP-CAL; D. Paramo, associate warden at CSP-CAL; C.G.

21    Butler, correctional captain at CSP-CAL; D. Bell, correctional counselor/appeals coordinator at

22    CSP-CAL; R. Din, Newman, and M.D. Greenwood, correctional lieutenants at CSP-CAL; F.L.

23    Martinez, correctional sergeant at CSP-CAL; A. Hernandez, K. Teeters, J. Nutt, C. Rodiles, Rush,

24    Barajas, Ibarra, Alderete, Lopez, Gonzales, and P. Rodriguez-Toledo, correctional officers at CSP-

25    CAL; and L. Terrones, medical technical assistant at KVSP.   (Doc. No. 13.[1])   Plaintiff sues

26    Defendants in their individual capacities.  (Compl. at 3-6.)  On March 28, 2008, Defendants filed a

27

28    _____

              [1]   Hereafter referred to as "Complaint."

1   Motion to Dismiss Plaintiff's Complaint.  (Doc. No. 41.[2])  After thorough review of the parties'

2   papers and all supporting documents, this Court RECOMMENDS that Defendant's Motion to

3   Dismiss be **GRANTED**.

4                                    **II. BACKGROUND**

5   **A.      Plaintiff's Specific Factual Allegations**

6          Plaintiff is an inmate at the California Substance Abuse Treatment Facility and State Prison

7   at Corcoran, California.  Plaintiff files this suit, complaining of events which he claims occurred

8   while he was an inmate at Calipatria State Prison ("CSP-CAL") and Kern Valley State Prison

9   ("KSVP").

10         Plaintiff alleges that on September 15, 2005, he was housed in the Sensitive Needs Yard of

11  the CSP-CAL.  (Compl. at ¶ 18).  On that date, he informed prison authorities of his belief that his

12  personal safety was in jeopardy.  (Compl. at ¶ 18).  Accordingly, he was removed from the Sensitive

13  Needs population pending further investigation.  (Compl. at ¶ 18).  Plaintiff was medically

14  evaluated, cleared for placement in Administrative Segregation, and escorted to the Administrative

15  Segregation Unit, where he was relinquished to the custody of Defendants Martinez, Hernandez,

16  Teeters, Nutt, Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, and Rodriguez-Toledo.

17  (Compl. at ¶ 20, 22).  Plaintiff alleges Defendants were well aware that in light of Plaintiff's

18  Sensitive Needs status, he required special attention and consideration and was not to be made

19  accessible to any inmate from the general population.  (Compl. at ¶ 19).  Also, Plaintiff alleges these

20  Defendants had earned notoriety for staging inmate-on-inmate flights.  (Compl. at ¶ 21).  Moreover,

21  Plaintiff alleges these Defendants' supervisors, Defendants Giurbino, Bourland, and Paramo, were

22  aware of this practice and had failed to stop it.  (Compl. at ¶ 21).  Plaintiff further alleges that upon

23  his arrival in Administrative Segregation, one or more of the Defendants tampered with and altered

24  the transferring documents so that Plaintiff would be placed in a cell with an inmate from the general

25  population.  (Compl. at ¶ 23).  Plaintiff claims Defendants did this, knowing Plaintiff would be

26  assaulted or killed.  (Compl. at ¶ 23).  Plaintiff alleges Defendants Martinez and Hernandez placed

27  him in a cell with a general population inmate, knowing he would be placed in danger.  (Compl. at ¶

28  _____

             [2]  Hereafter referred to as "MTD."

24).  Immediately upon entrance into the cell, Plaintiff was attacked.  (Compl. at ¶ 26).

Plaintiff alleges Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas were aware that Plaintiff was being attacked, but did not take measures to stop the attack and permitted it to continue.  (Compl. at ¶ 26).  After "some time," Plaintiff alleges these Defendants removed Plaintiff's attacker from the cell and ordered Plaintiff to the floor.  Plaintiff alleges despite his compliance with this order, Defendants applied force to him and removed him from the cell, at which time he was medically examined.  (Compl. at ¶ 27-28).

Following this incident, Plaintiff alleges Defendants Bourland, Paramo, Butler, Bell, Din, Newman, Greenwood, Martinez, Hernandez, Teeters, Nutt, Rodiles, and Rodriguez-Toledo created false reports charging Plaintiff with battering his attacker, rather than the reverse.  (Compl. at ¶ 29).  Plaintiff claims he challenged these allegedly false charges and was exonerated from them.  (Compl. at ¶ 30-31).  Plaintiff filed a grievance alleging Defendants Greenwood, Hernandez, Martinez, Bell, Butler, and Bourland introduced false evidence against Plaintiff.  (Compl. at ¶ 31).  Plaintiff alleges Defendants retaliated against him and harassed him as a result of filing the grievance.  (Compl. at ¶ 31-32).  Specifically, Plaintiff alleges Defendants Rush, Barajas, Ibarra, Gonzales, Alderete, Lopez, and Rodriguez-Toledo began referring to him as "Child Molester," "Rat," and "Snitch," in the presence of other inmates, knowing it would cause other inmates to attack Plaintiff.  (Compl. at ¶ 33).  On November 15, 2005, Plaintiff claims he was attacked by another inmate as a result of Defendants actions.  (Compl. at ¶ 34).  Plaintiff alleges Defendants, particularly Rodriguez-Toledo, again falsely charged Plaintiff with instigating the attack.  (Compl. at ¶ 34).

Plaintiff contends when Defendant Greenwood convened the hearing on this charge, Defendant Greenwood attempted to bargain with him, offering to dismiss the charge in exchange for Plaintiff withdrawing his grievance related to the initial attack.  (Compl. at ¶ 36).  When Plaintiff refused to do so, Plaintiff alleges Defendant Greenwood summarily found Plaintiff guilty of the charge, without allowing the introduction of any evidence Plaintiff had requested.  (Compl. at ¶ 36).  Moreover, Plaintiff claims Defendant Greenwood manipulated the hearing transcript to justify his failure to allow the introduction of Plaintiff's requested evidence.  (Compl. at ¶ 37).  Plaintiff also alleges Defendants Butler, Paramo, Bell, and Bourland were aware of Defendant Greenwood's

1    actions and ignored them.  (Compl. at ¶ 37).

2        Plaintiff claims to have suffered various physical injuries as a result of the two attacks and
3    the force applied to him by Defendants.  (Compl. at ¶ 38).  He alleges Defendants Butler, Din,
4    Newman, Greenwood, Martinez, Hernandez, Teeters, Nutt, Rodiles, Rush, Barajas, Ibarra, Alderete,
5    Lopez, and Rodriguez-Toledo were aware of his physical injuries, but declined to provide him with
6    medical care.  (Compl. at ¶ 39).

7        On May 10, 2006, Plaintiff was transferred to Kern Valley State Prison.  (Compl. at ¶ 39).
8    On August 4, 2006, Plaintiff reported to the medical clinic seeking medical attention.  (Compl. at ¶
9    39).  Plaintiff claims Defendant Terrones, a medical technical assistant, obtained his vital signs in
10   preparation for his seeing the treating physician.  When he refused to remove a blood pressure band
11   himself at her request, she became belligerent toward him and ejected him from the clinic without
12   permitting him to see the treating physician.  (Compl. at ¶ 39-40).  Plaintiff alleges he reported these
13   events to a Doe Defendant who was a sergeant, but Doe Defendant also refused to provide him with
14   medical care.  (Compl. at ¶ 41).

15       Plaintiff claims he filed grievances concerning these events.  (Compl. at ¶ 42).  In an attempt
16   to thwart his efforts and retaliate against him for filing the grievances, Plaintiff claims Defendants
17   Bourland, Paramo, Butler, Bell, Din, Newman, Greenwood, Martinez, Hernandez, Teeters, Nutt,
18   Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, Rodriguez-Toledo, Zamora, and Terrones
19   "rejected, destroyed, intercepted, and falsified" responses.  (Compl. at ¶ 42).  As retaliation and in
20   order to humiliate him, Plaintiff contends Defendants Greenwood, Martinez, Hernandez, Teeters,
21   Nutt, Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, and Rodriguez-Toledo also
22   permitted other inmates to throw human excrement and other bodily fluids and substances on
23   Plaintiff.  (Compl. at ¶ 42).

24       Plaintiff contends all Defendants at the administrative level knew of and approved of the
25   conduct of all Defendants and did nothing to stop it.  (Compl. at ¶ 44).  Plaintiff alleges Defendants
26   acted against him because he was an inmate who frequently pursued grievances charging staff of
27   misconduct.  (Compl. at ¶ 47).

28

1    **B.      Procedural Background**

2          On July 23, 2007, Plaintiff filed a complaint against Defendants Adams, Crones, Giurbino,

3    and Zamora.  (Doc. No. 1).  On August 6, 2007, the Court dismissed the case without prejudice for

4    failure to pay filing fees and/or move to proceed in forma pauperis.  (Doc. No. 2).  On August 8,

5    2007, Plaintiff filed a first amended complaint against Defendants Knowles, Bourland, Cobbs,

6    Paramo, Moncayo, Butler, Arline, Bell, Carrillo, Din, Newman, Greenwood, Hinshaw, Cake,

7    Martinez, Lane, Hernandez, Teeters, Nutt, Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez,

8    Gonzales, Rodriguez-Toledo, Terrones, DOES 1-100, Adams, Giurbino, and Zamora.  (Doc. No. 4).

9    On October 18, 2007, the Court sua sponte dismissed Plaintiff's first amended complaint without

10   prejudice for failure to state a claim.  (Doc. No. 8).

11         On December 11, 2007, Plaintiff filed a second amended complaint.  (Doc. No. 13).  In his

12   Complaint, Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights by

13   being deliberately indifferent to his safety, which resulted in attacks by other inmates, and by using

14   excessive force against him.  Further, Plaintiff alleges Defendants violated his Eighth and Fourteenth

15   Amendment rights be being deliberately indifferent to his medical needs after the attacks.  Also,

16   Plaintiff alleges Defendants violated his First and Fourteenth Amendment rights by conspiring and

17   retaliating against him and by interfering with certain grievance proceedings.  Moreover, Plaintiff

18   alleges Defendants' conduct violated state tort laws.

19         On March 28, 2008, Defendants filed a Motion to Dismiss Plaintiff's Complaint.  (Doc. No.

20   41).  Defendants seek dismissal on the grounds that: (1) Plaintiff cannot base his constitutional

21   claims on a theory of respondeat superior; (2) Plaintiff's Fourteenth Amendment claims for

22   deliberate indifference and excessive force should be dismissed because they are more appropriately

23   analyzed under the Eighth Amendment; (3) Plaintiff's Fourteenth Amendment claims for retaliation

24   and interference should be dismissed because they are more appropriately analyzed under the First

25   Amendment; (4) Plaintiff fails to state a claim against certain Defendants under the Eighth

26   Amendment; (5) Plaintiff failed to comply with the California Torts Claims Act; and (6) Certain

27   Defendants are immune from liability under state law.  (MTD at 2-3).

28   //

### III. DISCUSSION

**A.**     **Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint.  A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 73 (1974).  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff.  N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[U]nder Fed.R.Civ.P. 12(b)(6), [the Court must] accept[] all facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff,") (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003).

The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Dismissal is not warranted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley, 355 U.S. at 45-46.

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled."  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  Id.; see also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983).  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that

1 support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

2        Nevertheless, the court must give a pro se litigant leave to amend his complaint unless it is

3 "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v.

4 Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).  Thus, before a pro se civil rights complaint may be

5 dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies.

6 Karim-Panahi, 839 F.2d at 623-24.

7 **B.**    **Respondeat Superior**

8        Plaintiff alleges Defendants Knowles, Giurbino, Bourland, Paramo, Butler, Bell, Newman,

9 Greenwood, and Zamora committed constitutional violations.  Defendants allege the aforementioned

10 Defendants all act in supervisory capacities.  To the extent Plaintiff alleges these Defendants

11 committed constitutional violations on the basis of their supervisory roles alone, Defendants contend

12 the claims against them must be dismissed.  (MTD at 6).

13        Liability for a civil rights violation under Section 1983 may not be based on a theory of

14 respondeat superior.  Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 693

15 (1978).  "Liability under [§] 1983 arises only upon a showing of personal participation by the

16 defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Therefore, "a supervisory official,

17 such as a warden, may be liable under Section 1983 only if he was personally involved in the

18 constitutional deprivation, or if there was a sufficient causal connection between the supervisor's

19 wrongful conduct and the constitutional violation." Henry v. Sanchez, 923 F. Supp. 1266, 1272

20 (C.D. Cal. 1996).  For there to be a sufficient causal connection, the official must have known of a

21 constitutional violation; it is not enough to claim that an official should have known of a

22 constitutional deprivation because of a complaint brought through the prison appeals system.  Barry

23 v. Ratelle, 985 F. Supp. 1235, 1239 (S.D. Cal. 1997).

24     **1.**    **Defendants Knowles, Giurbino, and Zamora**

25        Defendant Knowles is the warden of the KSVP facility, Defendant Giurbino is the warden of

26 the CSP-CAL facility, and Defendant Zamora is the healthcare manager of the KVSP facility.

27 Plaintiff sues each of these three Defendants in their individual capacity.  (Compl. at ¶ 4-5).

28 Plaintiff, however, has failed to allege Defendants Knowles, Giurbino, or Zamora were personally

1   involved in the events Plaintiff alleges constitute constitutional violations.  Further, Plaintiff fails to

2   allege any causal connection between these three Defendants and the alleged constitutional

3   violations.  Conversely, Plaintiff alleges Knowles, Giurbino, and Zamora acted in supervisory and

4   management roles. (Compl. at ¶ 4-5).  Therefore, Plaintiffs constitutional claims against Knowles,

5   Giurbino, and Zamora are based on a theory of respondeat superior, which does not create liability

6   under section 1983.  Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 693

7   (1978)(Compl. at ¶ 4-5).  Based thereon, the Court recommends Defendants' Motion to Dismiss all

8   of Plaintiff's constitutional claims against Defendants Knowles, Giurbuno, and Zamora be

9   **GRANTED** with leave to amend.

10          **2.      Defendants Bourland, Paramo, and Bell**

11          Defendant Bourland is the chief deputy warden at CSP-CAL, Defendant Paramo is an

12   associate warden at CSP-CAL, and Defendant Bell is a correctional counselor/appeals coordinator at

13   CSP-CAL.  Plaintiff sues each of these three Defendants in their individual capacity.  (Compl. at ¶ 6,

14   8).  Plaintiff, however, has failed to allege Defendants Bourland, Paramo, or Bell were personally

15   involved in the events related to Plaintiff's allegations of (1) deliberate indifference to safety and

16   excessive force, or (2) deliberate indifference to medical needs.  Further, Plaintiff fails to allege any

17   causal connection between these three Defendants and the alleged deliberate indifference to safety or

18   medical needs.  Conversely, Plaintiff alleges Bourland, Paramo, and Bell acted in supervisory and

19   management roles. (Compl. at ¶ 6, 8).  Therefore, Plaintiffs claims of deliberate indifference to

20   safety and medical needs against Bourland, Paramo, and Bell are based on a theory of respondeat

21   superior, which does not create liability under section 1983.  Monell v. Dep't of Social Services of

22   City of New York, 436 U.S. 658, 693 (1978).  Based thereon, the Court recommends Defendants'

23   Motion to Dismiss Plaintiff's claims of (1) deliberate indifference to safety and use of excessive

24   force, and (2) deliberate indifference to medical needs, against Defendants Bourland, Paramo, and

25   Bell be **GRANTED** with leave to amend.

26          **3.      Defendants Butler, Newman, and Greenwood**

27          Defendant Butler is a captain at CSP-CAL, and Defendants Newman and Greenwood are

28   correctional lieutenants at CSP-CAL.  (Compl. at ¶ 7, 9).  Plaintiff sues each of these three

1   Defendants in their individual capacity.  (Compl. at ¶ 7, 9).  Plaintiff, however, has failed to allege

2   Defendants Butler, Newman, or Greenwood were personally involved in the events related to

3   Plaintiff's allegations of deliberate indifference to safety and excessive force.[3]  Further, Plaintiff

4   fails to allege any causal connection between these three Defendants and the alleged deliberate

5   indifference to safety and excessive force.  Conversely, Plaintiff alleges Butler, Newman, and

6   Greenwood acted in supervisory and management roles. (Compl. at ¶ 7, 9).  Therefore, Plaintiffs

7   claim of deliberate indifference to safety and excessive force against Butler, Newman, and

8   Greenwood is based on a theory of respondeat superior, which does not create liability under section

9   1983.  Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 693 (1978).  Based

10  thereon, the Court recommends Defendants' Motion to Dismiss Plaintiff's claim of deliberate

11  indifference to safety and use of excessive force against Defendants Butler, Newman, and

12  Greenwood be **GRANTED** with leave to amend.

13  **C.      Fourteenth Amendment Claim of Deliberate Indifference and Use of Excessive Force**

14          Plaintiff alleges Defendants were deliberately indifferent to his safety and medical needs, and

15  used excessive force, all in violation of the Fourteenth Amendment.   (Compl. at ¶ 50-68).

16  Defendants' contend these claims under the Fourteenth Amendment should be dismissed because

17  they are more appropriately analyzed under the Eighth Amendment.  (MTD at 7-8).

18          The Due Process Clause of the Fourteenth Amendment guarantees that no person may be

19  deprived "of life, liberty, or property, without due process of law." U.S. Const. XIV, § 1.  A person

20  asserting a violation of the right to due process must allege facts showing that he was deprived of an

21  interest cognizable under the Due Process Clause.  See Kentucky Dep't of Corrections v. Thompson,

22  490 U.S. 454, 459-60 (1989); Board of Regents v. Roth, 408 U.S. 564, 571 (1972).  Liberty interests

23  in the prison context are generally limited to freedom from restraints that "impose atypical and

24  significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v.

25  Conner, 515 U.S. 472, 484 (1995).  Even severe hardship does not rise to the level of a constitutional

26  violation unless it is both atypical and significant.  Id.

27  ─────────────

28          [3] Plaintiff's claim for deliberate indifference to medical needs against Defendants Butler, Newman, and Greenwood is not dismissed because Plaintiff alleges facts in his second amended complaint indicating these Defendants had knowledge of Plaintiff's medical needs and chose not to treat him.  (Compl. ¶ 38).

Where an explicit textual source of constitutional protection exists, a claim should be analyzed under the source as opposed to a more generalized Fourteenth Amendment substantive due process analysis.  See Graham v. Connor, 490 U.S. 386, 395 (1989) (explicit Fourth Amendment constitutional protection trumps more generalized substantive due process analysis); County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)) (finding that substantive due process analysis is inappropriate when the claim is already " 'covered by a specific constitutional provision, such as the Fourth or Eighth Amendment ....' "); Albright v. Oliver, 510 U.S. 266, 273 (1994) (holding that when a broad substantive due process violation is alleged, the court should look to constitutional amendment that most closely provides an explicit source of constitutional protection).  Thus, the Eighth Amendment's cruel and unusual punishment clause is the appropriate standard for analyzing a challenge to a condition of confinement or deliberate indifference to the inmate's safety or medical needs.  See Helling v. McKinney, 509 U.S. 25, 32 (1993) (an inmate's challenge to conditions of confinement are subject to scrutiny under the Eighth Amendment); Osolinski v. Kane, 92 F.3d 934, 936-37 (9th Cir. 1996) (Eighth Amendment imposes a duty on prison officials to guarantee the safety of inmates).

Plaintiff has asserted  Defendants were deliberately indifferent to his safety and medical needs, and used excessive force, all in violation of the Fourteenth Amendment.  Plaintiff's claims, however, are squarely covered under the Eighth Amendment prohibition on cruel and unusual punishment and are properly evaluated by the pertinent law set forth above.  Graham v. Connor, 490 U.S. 386, 395 (1989); County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998); Albright v. Oliver, 510 U.S. 266, 273 (1994).  Based thereon, the Court recommends Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment claim of deliberate indifference to his safety and medical needs and use of excessive force against Defendants be **GRANTED** without leave to amend.

**D.**      **Fourteenth Amendment Claim of Retaliation and Interference**

Plaintiff alleges Defendants retaliated against him for filing grievances against several Defendants and interfered with his filing of grievances, thereby violating the First and Fourteenth Amendment.  (Compl. at ¶ 69-73).  Defendants contend these claims should be dismissed to the extent they are presented under the Fourteenth Amendment because they are more appropriately

1   analyzed under the First Amendment.  (MTD at 8).

2          Where an explicit textual source of constitutional protection exists, a claim should be

3   analyzed under the source as opposed to a more generalized Fourteenth Amendment substantive due

4   process analysis.  See Graham v. Connor, 490 U.S. 386, 395 (1989) (explicit Fourth Amendment

5   constitutional protection trumps more generalized substantive due process analysis).  Thus, the First

6   Amendment right to petition government through a prison grievance procedure is the appropriate

7   standard for analyzing a claim of retaliation and interference with the grievance process.  See

8   Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) ("The 'government' to which the First

9   Amendment guarantees a right of redress of grievances includes the prison authorities, as it includes

10  other administrative arms and units of government).

11         Plaintiff alleges Defendants retaliated against him for filing grievances against several

12  Defendants and interfered with his filing of grievances, thereby violating the First and Fourteenth

13  Amendment.  (Compl. at ¶ 69-73).  Plaintiff's claims, however, are squarely covered under the First

14  Amendment right to petition government through prison grievance procedures and are properly

15  evaluated by the pertinent law set forth above.  Graham v. Connor, 490 U.S. 386, 395 (1989);

16  County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998); Albright v. Oliver, 510 U.S. 266, 273

17  (1994).  Based thereon, the Court recommends Defendants' Motion to Dismiss Plaintiff's Fourteenth

18  Amendment claim of retaliation for filing grievances against several Defendants and interference

19  with his filing of grievances against Defendants be **GRANTED** without leave to amend.

20  **E.     Eighth Amendment Claims**

21         Plaintiff contends Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell,

22  Newman, Greenwood, and Terrones violated his Eighth Amendment rights because they were (1)

23  deliberately indifferent to his safety, (2) used excessive force, and were (3) deliberately indifferent

24  to his medical needs.  (Compl. at ¶ 50-68).  Defendants contend Plaintiff's Eighth Amendment

25  claims against these Defendants should be dismissed for failure to state a claim under Federal Rule

26  of Civil Procedure 12(b)(6).  (MTD at 8).

27         **1.      Standard of Review per Fed. R. Civ. P. 12(b)(6)**

28         A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P 12(b)(6) tests the

1   legal sufficiency of the claims in the complaint.  A claim cannot be dismissed unless it "appears

2   beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

3   him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);  see Daniel v. County of Santa

4   Barbara, 288 F.3d 375, 380 (9th Cir. 2002);  Knevelbaard Dairies v. Kraft Foods, Inc, 232 F.3d 979,

5   984 (9th Cir. 2000).  In order to survive a motion to dismiss, a plaintiff must "allege overt acts with

6   some degree of particularity such that his claim is set forth clearly enough to give defendants fair

7   notice of the type of claim being pursued."  Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir.

8   1996).

9          The court must accept as true all material allegations in the complaint, as well as reasoned

10   inferences to be drawn from them, and must construe the complaint in the light most favorable to the

11   plaintiff.  N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986);  Parks School of

12   Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  The court looks not at whether the

13   plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the

14   claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);  Display Research Laboratories, Inc. v.

15   Telegen Corp., 133 F. Supp. 2d 1170, 1173 (N.D. Cal. 2001).

16          Where a plaintiff appears in *propria persona* in a civil rights case, the court must construe

17   the pleadings liberally and afford the plaintiff any benefit of the doubt.  Karim-Panahi v. Los

18   Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is

19   "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.

20   1992).  In giving liberal interpretation to a *pro se* civil rights complaint, however, the court may not

21   "supply essential elements of claims that were not initially pled."  Ivey v. Board of Regents of the

22   University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Vague or conclusory allegations are not

23   sufficient to withstand a motion to dismiss in civil rights violations.  Id.;  see also Jones v.

24   Community Redevelopment Agency, 733 F.2d 646, 649 (9 th Cir. 1984) (conclusory allegations

25   unsupported by facts are insufficient to state a claim under section 1983).  "The plaintiff must allege

26   with at least some degree of particularity overt acts which defendants engaged in that support the

27   plaintiff's claim."  Jones, 733 F.2d at 649 (internal quotation omitted).

28          In addition, when resolving a motion to dismiss for failure to state a claim, the court may not

1  generally consider materials outside the pleadings.  Schneider v. California Dep't of Corrections,

2  151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal . . . is the

3  complaint."  Id. at 1197 n.1.  However, the court may consider documents or exhibits "whose

4  contents are alleged in a complaint and whose authenticity no party questions."  Branch v. Tunnell,

5  14 F.3d 449, 454 (9th Cir. 1994);  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555

6  (9th Cir. 1990);  Stone v. Writer's Guild of Am. W. Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

7      Where a pro se litigant's claim is dismissed for failure to state a claim, leave to amend

8  should be granted unless "it is absolutely clear that the deficiencies of the complaint could not be

9  cured by amendment."  Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007)(quoting Schucker

10  v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).  Prior to a final dismissal of a claim, "a pro

11  se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend."  Lucas

12  v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

13      **2.      Eight Amendment Claims**

14      "The treatment a prisoner receives in prison and the conditions under which the he is

15  confined are subject to scrutiny under the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825,

16  832 (1994)(internal quotation omitted);  see also Morgan v. Morgansen, 465 F.3d 1041 (9th Cir.

17  2006)("The Eighth Amendment's prohibition against cruel and unusual punishment protects

18  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

19  confinement.").  However, due to the "harsh and restrictive" nature of a prison setting, a prisoner's

20  injury does not automatically constitute a constitutional violation.  Morgan, 465 F.3d at 1045.

21      A prisoner alleging a violation of his Eighth Amendment must satisfy both an objective and a

22  subjective component.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  Under the objective

23  requirement, an inmate must show "the deprivation he suffered was objectively, sufficiently

24  serious."  Morgan, 465 F.3d at 1045.  The deprivation must be such that the prisoner is denied "the

25  minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 834 (internal quotation

26  omitted).  As long as the institution provides inmates "with adequate food, clothing, shelter,

27  sanitation, medical care, and personal safety," no Eighth Amendment violation has occurred.

28  Hoptowitt v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

1   //

2        The subjective requirement, relating to the defendants' state of mind, requires a prison

3   official to have a "sufficiently culpable state of mind."  Farmer, 511 U.S. at 834; see also Allen v.

4   Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994).  The Court must analyze each claimed violation in light

5   of these requirements, for Eighth Amendment violations may not be based on the "totality of

6   conditions" at a prison.  Hoptowit, 682 F.2d at 246-47.

7                    **a.        Deliberate Indifference to Safety**

8        Plaintiff alleges Defendants were deliberately indifferent to his safety in violation of his

9   Eighth Amendment right to be free from cruel and unusual punishment.  (Compl. at ¶ 50-60).

10  Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood and

11  Terrones contend Plaintiff fails to plead sufficient facts to show they had knowledge of the conduct

12  he describes as constituting deliberate indifference to his safety.  (MTD at 9-10).

13        "Prison officials have a duty to take reasonable steps to protect inmates from physical

14  abuse."  Hoptowit, 682 F.2d at 1250-51.  To establish a violation of this duty, a prisoner must

15  establish prison officials were "deliberately indifferent" to serious threats to the inmate's safety.

16  Farmer, 511 U.S. at 834.  Deliberate indifference is present when a prison official "knows of and

17  disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.

18        Plaintiff's claim satisfies the objective requirement.  The two assaults alleged in the

19  complaint are contrary to a prison's duty to provide prisoners with personal safety.  Hoptowit, 682

20  F.2d at 1246.  However, Plaintiff's claim fails to satisfy the subjective requirement.  Plaintiff fails to

21  plead sufficient facts to show "deliberate indifference" to his safety on the part of Defendants

22  Knowles, Giurbino, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and Terrones.

23  Specifically, Plaintiff fails to plead facts demonstrating any of these Defendants had actual

24  knowledge he faced a substantial risk of serious harm and disregarded that risk by failing to take

25  reasonable steps to abate it.  Farmer, 511 U.S. at 837.

26        In paragraph 57 of the Complaint, Plaintiff alleges Defendants Knowles, Giurbino, Zamora,

27  Bourland, Paramo, Butler, Bell, Newman, and Greenwood "had the authority and responsibility" to

28  ensure his protection and they failed to carry out this responsibility.  (Compl. at ¶ 57).  In paragraph

55, Plaintiff alleges Defendants Butler, Newman, Greenwood, and Terrones "had the duty" to provide his safety and humane treatment.  (Compl. at ¶ 55).  In paragraph 21, Plaintiff alleges Defendants Bell, Newman, and Bourland were aware other Defendants staged inmate-on-inmate fights and knew they were "prone to continue arbitrarily, maliciously and sadistically subject[] prisoners such as plaintiff to unnecessary dangers, physical assaults, instances of abuse and other instances in which his safety was leveraged." (Compl. at ¶ 21).   In paragraph 43, Plaintiff claims all Defendants condoned and permitted the two assaults he suffered. ( Compl. at ¶ 43).

Nevertheless, Plaintiff does not allege any facts to show any of these Defendants had actual knowledge of the possibility Plaintiff was going to be assaulted, that any of these Defendants witnessed Plaintiff being assaulted, or that any of these Defendants failed to stop Plaintiff from being assaulted.  Plaintiff has not alleged, with at least some degree of particularity, overt acts demonstrating Defendants knew Plaintiff faced a substantial risk of serious harm or that Defendants had the necessary information to enable them to take reasonable steps to abate that risk.  Broad, conclusory allegations that Defendants should have known of specific incidents because of their authority, responsibilities, and duties are not enough to prove deliberate indifference.  Barry v. Ratelle, 985 F. Supp. 1235, 1239 (S.D. Cal. 1997).  Based thereon, the Court recommends Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim of deliberate indifference to safety against Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and Terrones be **GRANTED** with leave to amend.

### b.    Excessive Force

Plaintiff alleges all Defendants used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (Compl. at ¶ 50-60).  Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood and Terrones contend Plaintiff fails to plead sufficient facts to show these Defendants engaged in the conduct Plaintiff describes as constituting excessive force.  (MTD at 12).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v.

1    McMillian, 503 U.S. 1, 6-7 (1992); Schwenk v. Anderson, 204 F.3d 1187, 1196 (9th Cir. 2000);

2    Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).  Courts examine (1) the need for application

3    of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury

4    inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by

5    responsible officials on the basis of facts known to them; and (5) any efforts made to temper the

6    severity of a forceful response.  Hudson, 503 U.S. at 7.  Supervisors can only be held liable for

7    excessive force of their subordinates if they "participated in or directed the violations, or knew of

8    the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

9    1989).

10        Here, Plaintiff does not allege Defendants Knowles, Giurbino, Zamora, Bourland, Paramo,

11    Butler, Bell, Newman, Greenwood or Terrones used excessive force against him.  In paragraph 55 of

12    the Complaint, Plaintiff merely states these Defendants had a "duty" and "authority and

13    responsibility" to prevent the use of excessive force against him.  (Compl. at ¶ 55).  This allegation

14    is insufficient to establish an excessive force claim under the Eighth Amendment.  Based thereon,

15    the Court recommends Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim of

16    excessive force against Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell,

17    Newman, Greenwood, and Terrones be **GRANTED** with leave to amend.

18                    **c.        Deliberate Indifference to Medical Needs**

19        Plaintiff alleges certain Defendants were deliberately indifferent to his medical needs in

20    violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (Compl. at

21    ¶ 61-68).  Defendants Knowles, Giurbino, Zamora, Paramo, Bourland, and Terrones contend

22    Plaintiff fails to allege sufficient facts to show these Defendants were deliberately indifferent to his

23    medical needs.  (MTD at 13).

24        "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action

25    under § 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A determination of 'deliberate

26    indifference' involves an examination of two elements: the seriousness of the prisoner's medical

27    need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050,

28    1059 (9th Cir. 1992).  First, "[a] 'serious' medical need exists if the failure to treat a prisoner's

condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Second, to establish deliberate indifference, a defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need. McGuckin, 974 F.2d at 1060. Deliberate indifference to medical needs occurs when prison officials "'deny, delay, or intentionally interfere with medical treatment.'" Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989) (quoting Hutchinson v. US, 838 F.2d 390, 394 (9th Cir. 1984)).

"The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical need than in other cases involving harm to incarcerated individuals because '[t]he State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'" McGuckin, 974 F.2d at 1060. Nonetheless, the indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106.

As to Defendant Terrones, Plaintiff fails to plead sufficient facts showing his medical condition was serious. In paragraph 39, Plaintiff does not mention the medical condition for which he went to the Kern Valley State Prison medical clinic. (Compl. at ¶ 39). Although Plaintiff describes the extensive physical injuries he suffered due to two attacks in September and November of 2005, he claims to have seen Defendant Terrones on August 4, 2006, nearly nine months later, for an undisclosed medical condition. (Compl. at ¶ 38, 39). Due to Plaintiff's failure to describe his medical need at the time he saw Defendant Terrones, he has not plead facts sufficient to show he had a "serious" medical need.

As to Defendants Knowles, Giurbino, Zamora, Paramo, and Bourland, Plaintiff fails to plead sufficient facts demonstrating these Defendants had culpable states of mind. In paragraph 63 of the Complaint, Plaintiff merely states these Defendants "had the duty to provide appropriate medical services and treatment in accordance with sound principles of practice." (Compl. at ¶ 63). In paragraph 64, Plaintiff alleges all Defendants "acted in conscious disregard of [his] serious medical needs and constitutional rights." (Compl. at ¶ 64). In paragraph 65, Plaintiff alleges Defendants "had the authority to ensure that [he] received adequate health care." (Compl. at ¶ 65). Nonetheless,

1   Plaintiff fails to plead specific facts showing these Defendants had actual knowledge of his alleged

2   medical condition or that Defendants failed to provide him with necessary medical attention.  Based

3   thereon, the Court recommends Defendants' Motion to Dismiss Plaintiff's Eighth Amendment

4   Claim of deliberate indifference to his medical needs against Defendants Knowles, Giurbino,

5   Zamora, Paramo, Bourland and Terrones be **GRANTED** with leave to amend.

6   **F.      California Tort Claims Act**

7            Plaintiff asserts state tort causes of action against Defendants for (1) intentional infliction of

8   emotional distress, (2) negligent infliction of emotional distress, (3) negligent custodianship of a

9   prisoner, and (4) negligent conduct of a public employee.  (Compl. at ¶ 74-88).  Defendants contend

10  Plaintiff's state tort causes of action should be dismissed because Plaintiff failed to comply with the

11  requirements of the California Tort Claims Act (CTCA).  (MTD at 15).

12           The CTCA requires that state tort law claims against a public entity, including those asserted

13  by inmates, be presented to the Victim Compensation Board before they can be litigated in state or

14  federal court.  Cal. Gov't Code §§ 911.2, 945.4; State of California v. Superior Court, 32 Cal. 4th

15  1234, 1239 (Cal. 2004); Hernandez v. McClanahan, 996 F. Supp. 975, 977 (N.D. Cal. 1998).

16  California Government Code § 945.4 provides that "no suit for money or damages may be brought

17  against a public entity on a cause of action for which a claim is required to be presented ... until a

18  written claim therefor has been presented to the public entity and has been acted upon by the board,

19  or has been deemed to have been rejected by the board."  Cal.Gov.Code § 945.4 (West 2008).  In

20  addition, section 945.6 provides that, "any suit brought against a public entity on a cause of action

21  for which a claim is required to be presented ... must be commenced, if written notice is given in

22  accordance with section 913, not later than six months after the date such notice is personally

23  delivered or deposited in the mail."  Cal. Gov. Code § 945.6. (West 2008).  The failure to comply

24  with these requirements bars the plaintiff from bringing suit against that public entity.  State of

25  California, 32 Cal. 4th at 1239.

26           The Ninth Circuit has expressly held that a tort claim against a public entity must be

27  presented to the Board before a plaintiff may pursue the claim in federal court.  Mangold v.

28  California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff pursuing such a

1   claim has the burden of affirmatively alleging compliance with the CTCA.  <u>Karim-Panahi v. Los</u>

2   <u>Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir.1988);  <u>Hendon v. Ramsey</u>, 528 F.Supp.2d 1058,

3   1069 (S.D. Cal. 2007).  An inmate's utilization of the prison's grievance system does not satisfy the

4   CTCA's requirements.  <u>Hendon</u>, 528 F.Supp.2d at 1069.

5          Here, there is no indication Plaintiff has complied with CTCA.  First, Plaintiff fails to allege

6   facts which show he has complied with California's Tort Claims Act.  <u>Karim-Panahi</u>, 839 F.2d at

7   627.  Second, Defendants represent they have searched the Victim Compensation Board's records

8   and discovered Plaintiff presented a claim to the Board, but he presented it late.  (Doc. 41-3).  The

9   Board denied Plaintiff's request to present a late claim.  (Doc. 41-3, Ex. A).  Based on these reasons,

10  the Court RECOMMENDS Defendants' Motion to Dismiss as relates to Plaintiff's state tort law

11  claims be **GRANTED** without leave to amend.

12  **G.     State Law Immunity**

13          **1.     Government Code Section 845.6**

14          Plaintiff asserts he has suffered injury under state law because of the deliberate and negligent

15  acts of unspecified Defendants.  (Compl. at ¶ 74-88).  Defendants Knowles, Giurbino, Zamora,

16  Bourland, and Paramo contend Plaintiff's allegation these Defendants failed to provide Plaintiff with

17  medical care should be dismissed because they are immunized from liability under California

18  Government Code § 845.6.  California Code Section 845.6 states:

19              Neither a public entity nor a public employee is liable for injury proximately caused
            by the failure of the employee to furnish or obtain medical care for a prisoner in his custody;
20          but, except as otherwise provided be sections 855.8 and 856, a public employee, and the
            public entity where the employee is acting within the scope of his employment, is liable if
21          the employee knows or has reason to know that the prisoner is in need of immediate medical
            care and he fails to take reasonable action to summon such medical care.
22

23          In order to state a claim under this exception to the immunity provision of § 845.6, a prisoner

24  must establish three elements: (1) the public employee knew or had reason to know of the need (2)

25  for immediate medical care, and (3) failed to reasonably summon such care.  <u>Jett v. Penner</u>, 439 F.3d

26  1091, 1099 (9th Cir. 2006).

27          Here, Plaintiff alleges Defendants Knowles, Giurbino, Zamora, Bourland and Paramo "had a

28  duty" to provide him with medical care and they "had the authority to ensure that he received

adequate medical care." (Compl. at ¶ 63, 65). However, Plaintiff fails to plead facts showing Defendants Knowles, Giurbino, Zamora, Bourland and Paramo had actual knowledge of Plaintiff's alleged need for medical care. Plaintiff also fails to plead facts showing these Defendants had reason to know of the alleged need for medical care. Therefore, Plaintiff fails to plead the requisite facts to destroy the immunity granted to Defendants Knowles, Giurbino, Zamora, Bourland, and Paramo by California Government Code § 845.6. Based thereon, the Court recommends Defendants' Motion to Dismiss Plaintiff's state tort claims that Defendants Knowles, Giurbino, Zamora, Bourland, and Paramo failed to provide him medical care be **GRANTED** with leave to amend.

### 2.   Government Code Section 820.8

Plaintiff asserts the state law claim of negligent conduct of a public employee against Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and Martinez. (Compl. at ¶ 86). Defendants allege this claim is based on a theory of respondeat superior. (MTD at 17). To the extent Plaintiff's state law claims against Defendants are based on their supervisory roles, Defendants contend they should be dismissed because they are immune from liability. Id.

"Supervisory personnel whose personal involvement is not alleged many not be held responsible for the acts of their subordinates under California law." Milton v. Nelson, 527 F.2d 1158, 1159 (9th Cir. 1975). Government Code § 820.8 states:

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

Here, Plaintiff alleges Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and Martinez had the authority, responsibility, and duty to prevent the conduct he alleges. (Compl. at ¶ 57, 55, 63). Plaintiff also alleges these Defendants had the responsibility to implement policies and procedures, and to supervise, train, and discipline staff. (Compl. at ¶ 4,5,6,7,9,10). However, Plaintiff fails to plead facts showing these Defendants were personally involved in the acts or omissions giving rise to the state law claim of negligent conduct of

a public employee.  Therefore, Plaintiff fails to plead the requisite facts to destroy the immunity

granted to Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman,

Greenwood, and Martinez by California Government Code § 820.8.  Based thereon, the Court

recommends Defendants' Motion to Dismiss Plaintiff's state tort claims, which intend to hold

Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and

Martinez vicariously liable for the act of others, be **GRANTED** with leave to amend**.**

**H.      Dismissal For Failure to Serve**

A review of the Court's docket indicates no proof of service has been filed as to Defendants

R. Din, Ibarra, Lopez, and Gonzales.  See Walker v. Sumner,  14 F.3d 1415, 1421-22 (9th Cir. 1994)

(where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the

court's sua sponte dismissal of those unserved defendants is appropriate under Fed.R.Civ.P. 4(m)).

Accordingly, this Court RECOMMENDS Plaintiff to show cause no later than **February 6,**

**2009**, why the claims against these Defendants should not be dismissed for want of prosecution

pursuant to Fed.R.Civ.P. 4(m).  If Plaintiff wishes to proceed with his claims against these

Defendants he must provide the Court with proof of proper service by **February 13, 2009**.

Otherwise, the Court recommends all the remaining Defendants be dismissed from this action

without prejudice.

## IV. CONCLUSION

For the reasons set forth herein, it is recommended that Defendants' motion to dismiss be

**GRANTED**. The Court recommends that:

(1)      Defendants' Motion to Dismiss all of Plaintiff's constitutional claims against

Defendants Knowles, Giurbuno, and Zamora be **GRANTED** with leave to amend.

(2)      Defendants' Motion to Dismiss Plaintiff's claims of (1) deliberate indifference to

safety and use of excessive force, and (2) deliberate indifference to medical needs, against

Defendants Bourland, Paramo, and Bell be **GRANTED** with leave to amend.

(3)      Defendants' Motion to Dismiss Plaintiff's claim of deliberate indifference to safety

and use of excessive force against Defendants Butler, Newman, and Greenwood be **GRANTED**

with leave to amend.

1    (4)    Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment claim of deliberate

2    indifference to his safety and medical needs and use of excessive force against Defendants be

3    **GRANTED** without leave to amend.

4    (5)    Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment claim of retaliation

5    for filing grievances against several Defendants and interference with his filing of grievances against

6    Defendants be **GRANTED** without leave to amend.

7    (6)    Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim of deliberate

8    indifference to safety against Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler,

9    Bell, Newman, Greenwood, and Terrones be **GRANTED** with leave to amend.

10    (7)    Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim of excessive

11    force against Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman,

12    Greenwood, and Terrones be **GRANTED** with leave to amend.

13    (8)    Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim of deliberate

14    indifference to his medical needs against Defendants Knowles, Giurbino, Zamora, Paramo, Bourland

15    and Terrones be **GRANTED** with leave to amend.

16    (9)    Defendants' Motion to Dismiss as relates to Plaintiff's state tort law claims be

17    **GRANTED** without leave to amend.

18    (10)    Defendants' Motion to Dismiss Plaintiff's state tort claims that Defendants Knowles,

19    Giurbino, Zamora, Bourland, and Paramo failed to provide him medical care be **GRANTED** with

20    leave to amend.

21    (11)    Defendants' Motion to Dismiss Plaintiff's state tort claims, which intend to hold

22    Defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and

23    Martinez vicariously liable for the act of others, be **GRANTED** with leave to amend.

24    (12)    Plaintiff shall show cause why the claims against Defendants R. Din, Ibarra, Lopez,

25    and Gonzales should not be dismissed.  If Plaintiff wishes to proceed with his claims against these

26    Defendants, he must provide the Court with proof of proper service.

27    //

28    //

1    This Report and Recommendation of the undersigned Magistrate Judge is submitted to the

2  United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)

3  (1994).

4    This Report and Recommendation will be submitted to the United States District Court judge

5  assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

6  objections with the Court and serve a copy on all parties on or before **February 27, 2009**.  This

7  document should be captioned "Objections to Report and Recommendation."  Any reply to the

8  objections shall be served and filed **no later than 10 days** after being served with the objections.

9  *The parties are advised that no extensions of time will be granted for purposes of filing objections.*

10  The parties are further advised that failure to file objections within the specified time may waive the

11  right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12    **IT IS SO ORDERED.**

13  DATED:  January 26, 2009

14

15  _____
   LOUISA S PORTER
16  United States Magistrate Judge

17  cc:      The Honorable Janis L. Sammartino
           all parties
18

19

20

21

22

23

24

25

26

27

28