# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ISIDRO ROMAN, | CASE NO. 07CV1343 JLS (POR) |
|---|---|
| Plaintiff, | **ORDER (1) ADOPTING IN PART, REJECTING IN PART MAGISTRATE JUDGE'S REPORT & RECOMMENDATION and (2) GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| vs. | |
| M. KNOWLES, et al., | |
| Defendants. | (Doc. Nos. 41 & 55) |

## BACKGROUND

Presently before the Court is a Report and Recommendation ("R&R") by Magistrate Judge Louisa S. Porter on the defendants' motion to dismiss the Second Amended Complaint ("SAC") of Isidro Roman ("plaintiff") for alleged violations of 42 U.S.C. § 1983 during plaintiff's incarceration at Kern Valley and Calipatria State Prisons.  The SAC names the following defendants in their individual capacities:

—Mike Knowles, warden at Kern Valley;

—G. Giurbino, warden at Calipatria;

—S. Zamora, health care manager at Kern Valley;

—M. E. Bourland, chief deputy warden at Calipatria;

—D. Paramo, associate warden at Calipatria;

1 —C. G. Butler, captain at Calipatria;

2 —D. Bell, correctional counselor and appeals coordinator at Calipatria;

3 —R Din, Newman, and M. D. Greenwood, all correctional lieutenants at Calipatria;

4 —F. L. Martinez, correctional sergeant at Calipatria;

5 —A. Hernandez, K. Teeters, J. Nutt, C. Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, and P. Rodriguez-Toledo, all correctional officers at Calipatria; and

7 —L. Terrones, medical technical assistant at Kern Valley.

The R&R extensively summarizes the SAC's factual allegations, which the Court briefly restates here. Plaintiff arrived at Calipatria on June 21, 2002 and remained there for almost four years. (SAC ¶ 17.) Supervisory staff Giurbino, Bourland, and Paramo were allegedly aware of their subordinates' practices of staging gladiatorial fights among inmates, "subjecting disfavored prisoners to foreseeable and preventable attacks", and using excessive force against inmates. (Id. ¶ 21.) When plaintiff discovered and reported threats to his personal safety if he remained housed in the Special Needs Yard, Calipatria staff proceeded to move plaintiff to temporary housing in the Administrative Segregation Unit ("ASU"). (Id. ¶ 18.) Calipatria correctional staff, with the intent of instigating an inmate assault, allegedly tampered with plaintiff's ASU transfer documentation so that plaintiff was escorted to a cell occupied by a general population inmate. (Id. ¶ 24.) As soon as plaintiff entered the cell, the inmate immediately attacked him. (Id. ¶ 26.) Rather than break up the attack, correctional staff allegedly sat back and watched. (Id.) When correctional staff finally broke up the attack, they subdued plaintiff with excessive force. (Id. ¶ 27.) Subsequently, correctional staff used provocative epithets toward plaintiff, thus provoking other inmate attacks against plaintiff. (Id. ¶¶ 33-34, 42.) Numerous Calipatria staff refused to provide plaintiff with adequate medical treatment responsive to the pain and suffering he endured following the attacks. (Id. ¶ 38.)

Plaintiff was transferred to Kern Valley on May 10, 2006. Plaintiff complains of an encounter at the medical clinic on August 4, 2006, wherein defendant Terrones allegedly berated plaintiff and ejected him from the clinic when plaintiff refused to remove a blood pressure band from his arm. (SAC ¶¶ 39-40.)

In response to all incidents at Calipatria and Kern Valley, plaintiff filed administrative grievances. Plaintiff alleges that correctional staff and supervisors took various steps to thwart the grievance process, such as covering up evidence, preventing plaintiff from introducing his own evidence, and offering to dismiss internal prison charges against plaintiff if he would dismiss his grievances. (SAC, e.g., ¶¶ 36-37, 42, 48.) The officers and staff at the two prisons comprise "[a] rogue cadre . . . called the 'Greenwall' [who] have systematically engaged in brutality, corruption, abuses, retaliation, and intimidation of inmates and have employed [its] members['] government power as a tool and instrument of oppression." (Id. ¶ 46.) Plaintiff alleges that defendants interfered with the grievance process as retaliation against prisoners (such as plaintiff) who frequently file grievances to expose misconduct by correctional officers.

Magistrate Judge Porter issued the R&R on January 26, 2009 and made the following recommendations:

—Grant the motion to dismiss certain allegations against defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Bell, Butler, Newman, and Greenwood with leave to amend, because plaintiff based his allegations on a respondeat superior theory of liability, which does not exist under § 1983;

—Grant the motion to dismiss all Fourteenth Amendment claims without leave to amend because the claims for deliberate indifference and excessive force are properly analyzed under the Eighth Amendment, and because the claims for retaliation against and interference with the filing of grievances are properly analyzed under the First Amendment;

—Grant the motion to dismiss the Eighth Amendment claim for deliberate indifference to safety against defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and Terrones with leave to amend, because plaintiff failed to allege these defendants knew of and disregarded an excessive risk to the plaintiff's health or safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994);

—Grant the motion to dismiss the Eighth Amendment claim for excessive force against defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and Terrones with leave to amend because plaintiff failed to allege the actual use of excessive force by these

1 defendants. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);

2 —Grant the motion to dismiss the Eighth Amendment claim for deliberate indifference to medical needs against defendants Knowles, Giurbino, Zamora, Paramo, Bourland, and Terrones, because the claim against Terrones fails to plead a "serious" medical need and the claim against the other defendants fails to plead actual knowledge of the medical condition or failure to provide necessary medical attention. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997);

—Grant the motion to dismiss the state tort causes of action against all defendants because plaintiff failed to make a timely presentation of his claim to the Victim Compensation Board[1];

—Grant the motion to dismiss state-law claims against defendants Knowles, Giurbino, Zamora, Bourland, and Paramo arising from these defendants' failure to obtain medical care for plaintiff, because they are immune under California Government Code § 845.6;

—Grant the motion to dismiss state-law negligence claims against defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell, Newman, Greenwood, and Martinez, to the extent those allegations are based on supervisory roles, because these defendants are immune under California Government Code § 820.8; and

—Grant the motion to dismiss defendants R. Din, Ibarra, Lopez, and Gonzalez without prejudice for failure to effect service, unless plaintiff showed cause why these defendants should not be dismissed by providing proof of proper service.

On February 9, 2009, plaintiff responded to the Order to show cause concerning the service issues. (Doc. No. 56.) After the Court denied plaintiff's motion for appointment of counsel but granted plaintiff's request for an extension (Doc. No. 61), plaintiff filed his objections to the R&R on May 5, 2009 (Doc. No. 63).

//

---

[1] Although the presentation of a late claim is not fatal per se, plaintiff applied for leave to file a late claim, and was denied such leave. (See Doc. 41-3, Exhibit A.) Plaintiff then failed to take the necessary step of applying to an appropriate California Superior Court for a petition for leave from the presentation requirement within six months of the Victims Compensation Board's denial of leave to file a late claim. See Cal. Gov't Code § 946.6(a) & (b)(3); Henderson v. Alameda County Med. Ctr., 2007 WL 1880376, at *1 (N.D. Cal. June 28, 2007); Doe v. Bakersfield City Sch. Dist., 136 Cal. App. 4th 556, 566-67 (Cal. Ct. App. 2006).

# LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the R&R to which either side objects. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

FRCP 12(b)(6) allows a defendant to test the sufficiency of a plaintiff's complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts "to raise a right to relief about the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering the motion, the Court must accept as true plaintiff's allegations of material fact, and construe them in the light most favorable to the plaintiff. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994). Where a plaintiff is proceeding pro se, particularly when pleading a civil rights claim, the Court "has an obligation to construe the pleading liberally and to afford the petitioner the benefit of any doubt." Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985) (citing Jones v. Cmty. Dev. Agency, 733 F.2d 646, 649 (9th Cir. 1984)). However, the Court "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992). "A pro se litigant must be given leave to amend [the] complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

# DISCUSSION

## A.   Substantive Objections to R&R

The Court construes plaintiff's objections as pertaining to the R&R's conclusions on the respondeat superior argument. The objections cite case law on supervisor liability in § 1983 cases. Anticipating the Court will adopt the Magistrate Judge's recommendation to grant leave to amend, plaintiff does not object to the dismissal of his Eighth Amendment claims "alleged separate and

apart from the supervisory roles of many of these defendants and/or the existence of de facto policies". (Doc. No. 63, at 6.) Plaintiff's objections are silent as to the dismissal with prejudice of his Fourteenth Amendment claims and state-law claims.

The objections are "moot" in the sense that, even if plaintiff has pled more than a respondeat superior theory of liability against the defendants in supervisory positions, the claims will still be dismissed because the R&R found that plaintiff failed to plead an underlying constitutional violation. Nonetheless, the Court conducts de novo review of the objections because, if plaintiff can allege an underlying constitutional violation in a future amended complaint, the respondeat superior issue will become dispositive in determining whether the case goes forward against the supervisory defendants.

### 1. Legal Standard

Section 1983 does not allow for the concept of respondeat superior liability, but requires "personal participation" in the alleged violation of constitutional rights. Bell v. Clackamas County, 341 F.3d 858, 867 n.3 (citing Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)). Therefore, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations or knew of the violations [of subordinates] and failed to act to prevent them.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Explained another way:

> Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.

Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)). Furthermore, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)). Where a subordinate commits a constitutional violation, the supervisor's liability "depends upon whether he 'set in motion a series

1  of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or
2  reasonably should have known, would cause others to inflict the constitutional injury.'"
3  Blankenhorn v. City of Orange, 485 F.3d 463, 485 (9th Cir. 2007) (quoting Watkins v. City of
4  Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)).  At the motion-to-dismiss phase, the plaintiff only
5  needs to "state the allegations generally so as to provide notice to the defendants and alert the
6  court as to what conduct" amounted to personal participation in the constitutional violation.
7  Preschooler II, 479 F.3d at 1182 (citing Hydrick v. Hunter, 466 F.3d 676, 689-90 (9th Cir. 2006)).

  2. Analysis

    *a.* *Knowles, Giurbino, and Zamora*

Defendants' respondeat superior argument applies to all of plaintiff's claims against defendants Knowles, Giurbino, and Zamora.  (See Reply, at 2.)

With respect to defendants Knowles and Zamora, the Court agrees with the R&R that plaintiff fails to allege their personal participation in any of the Eighth Amendment violations. The SAC fails to connect these defendants to the alleged constitutional violations arising from plaintiff's encounter with co-defendant Terrones at the Kern Valley medical clinic on August 4, 2006.  Nor does the SAC identify any policy implemented or actions set in motion by Knowles or Zamora that resulted in the alleged constitutional violation by Terrones.

The Court also agrees with the R&R that plaintiff fails to allege defendant Knowles's personal participation in the First Amendment violations.  Plaintiff does not allege personal participation, policy implemented, or actions set in motion by Knowles.

With respect to defendant Zamora, however, the SAC adequately alleges his personal participation in the First Amendment violation because Zamora, inter alia, "rejected, destroyed, intercepted and falsified responses to certain grievances filed by plaintiff."  (SAC ¶ 42.) Therefore, the Court rejects the R&R's proposed finding that the First Amendment claims against defendant Zamora be dismissed because the SAC only pleads respondeat superior liability.[2]

---

[2] To be clear, the R&R (along with defendants' motion) does not address the merits of plaintiff's First Amendment allegations.  The R&R only recommends that the retaliation and interference claims be analyzed under the First Amendment, rather than the Fourteenth Amendment. Plaintiff does not object to the conclusion about the proper amendment for analyzing his First

Concerning defendant Giurbino, the Court finds that the SAC adequately pleads his personal involvement in plaintiff's Eighth Amendment allegations of deliberate indifference to safety and excessive force. The SAC alleges that Giurbino was "very aware" of instances when correctional staff "earned notoriety for staging inmate-on-inmate gladiator style fights, subjecting disfavored prisoners to foreseeable and preventable attacks, and otherwise for brutalizing inmates through their application of unnecessary or excessive force." (SAC ¶ 21.) Additionally, the SAC alleges, "[r]ather than acting to eradicate these practices of their subordinates to ensure the prisoners['] safety under their care, each of these supervisory officials [including Giurbino] chose to tolerate the practices and came to actually foster these misconducts (sic) of their subordinate staff." (Id.) The SAC goes on to allege that plaintiff was injured by the specific examples of correctional staff's deliberate indifference to safety and excessive force that Giurbino failed to correct. (Id. ¶¶ 23-27.)

After careful review of the SAC's allegations, the Court agrees with the R&R and finds that plaintiff has not pled more than a respondeat superior theory of liability against Giurbino with respect to the Eighth Amendment claim for deliberate indifference to serious medical needs and the First Amendment claim for retaliation against and interference with the filing of grievances. To survive a future motion to dismiss, plaintiff must allege Giurbino's personal participation in these violations, knowledge of subordinates' violations which Giurbino failed to prevent, implementation of a policy which provided the moving force for subordinates' violations, or setting in motion a series of acts which caused subordinates to inflict constitutional injuries against plaintiff.

      *b.    Bourland, Paramo, and Bell*

Defendants' respondeat superior argument applies to plaintiff's Eighth Amendment claims of deliberate indifference to safety, excessive force, and deliberate indifference to medical needs against defendants Bourland, Paramo, and Bell. (See Reply, at 2.) Defendants' respondeat superior argument does not apply to plaintiff's First Amendment claim as to these defendants for

---

Amendment claim. Therefore, nothing in the Court's Order shall be construed as addressing the merits of plaintiff's First Amendment allegations.

retaliation against and interference with the filing of grievances.[3]

Concerning all three defendants, the Court finds the SAC adequately pleads their personal involvement in plaintiff's Eighth Amendment allegations of deliberate indifference to safety and excessive force. The allegations found adequate as to co-defendant Giurbino in paragraph 21 are pled to the same extent against Bourland and Paramo. Furthermore, paragraph 21 alleges that defendant Bell was among those correctional staff who actually staged "gladiator style fights" among inmates, permitted attacks against "disfavored prisoners," and "brutaliz[ed] inmates" with excessive force. Therefore, the claim against defendant Bell does not involve claims of of supervisory liability, but instead alleges direct involvement in the underlying constitutional violation.

After careful review of the SAC's allegations, the Court agrees with the R&R and finds that plaintiff has not pled more than a respondeat superior theory of liability against defendants Bourland, Paramo, and Bell with respect to the Eighth Amendment claim for deliberate indifference to serious medical needs. To survive a future motion to dismiss, plaintiff must allege these defendants' personal participation in these violations, knowledge of subordinates' violations which they failed to prevent, implementation of a policy which provided the moving force for subordinates' violations, or setting in motion a series of acts which caused subordinates to inflict constitutional injuries against plaintiff.

*c.   Butler, Newman, and Greenwood*

Defendants' respondeat superior argument applies to plaintiff's Eighth Amendment claims of deliberate indifference to safety and excessive force against defendants Butler, Newman, and Greenwood. Defendants' respondeat superior argument does not apply to plaintiff's Eighth Amendment claim for deliberate indifference to medical needs[4] or the First Amendment claim for

---

[3] If defendants had raised the respondeat superior argument against these defendants, the Court would have rejected the argument on the basis of SAC ¶¶ 31, 37, and 42, which adequately allege these defendants' supervisory liability for and personal involvement in the alleged retaliation against and interference with plaintiff's filing of grievances.

[4] The Court agrees with the R&R's proposed finding that SAC ¶ 38 adequately alleges these defendants' personal participation in the deliberate indifference to plaintiff's serious medical needs.

retaliation against and interference with the filing of grievances[5].

After careful review of the SAC's allegations, the Court agrees with the R&R and finds that plaintiff has not pled more than a respondeat superior theory of liability against defendants Butler, Newman, and Greenwood with respect to the Eighth Amendment claim for deliberate indifference to safety and excessive force.  To survive a future motion to dismiss, plaintiff must allege these defendants' personal participation in these violations, knowledge of subordinates' violations which they failed to prevent, implementation of a policy which provided the moving force for subordinates' violations, or setting in motion a series of acts which caused subordinates to inflict constitutional injuries against plaintiff.

**B.    Proof of Service Issues**

Plaintiff's response to Magistrate Judge Porter's Order to show cause explains the sequence of events involving the service of defendants Ibarra, Lopez, Gonzales, and R. Din.  (Doc. No. 56.)  With respect to all defendants, plaintiff completed the required U.S. Marshal Form 285.  (Id. Exhibit 1.)  The form for defendant R. Din was returned unexecuted because he had transferred from Calipatria to Chino State Prison.  The forms for defendants Ibarra, Lopez, and Gonzalez were returned unexecuted because the prison litigation coordinator could not identify the named defendant without a first initial.  (Id.)

Plaintiff completed another Form 285 for defendant R. Din, addressed to Chino State Prison.  (Doc. No. 36.)  This form was returned unexecuted because the litigation coordinator indicated that no R. Din was at the institution.  (Id.)  Plaintiff does not request further assistance as to this defendant, so the Court will dismiss R. Din for want of prosecution, pursuant to FRCP 4(m).

With respect to the other three defendants, Magistrate Judge Porter granted plaintiff's unopposed motion for limited discovery to obtain each defendant's first initial.  (Doc. No. 46.)  After defendants responded to plaintiff's request for production of documents with the identifying initials, plaintiff wrote to the U.S. Marshal requesting additional copies of Form 285 to serve these

---

[5] The findings in footnote 3 supra are equally applicable to defendants Butler, Newman, and Greenwood.  Additionally, SAC ¶ 36 supports the Court's findings as to defendant Greenwood.

1 | defendants. Plaintiff represents that the U.S. Marshal never answered his request.

2 | The Court finds that plaintiff has shown cause why defendants Ibarra, Lopez, and Gonzales
3 | should not be dismissed from the action. Therefore, the Court shall direct the Clerk of the Court to
4 | provide plaintiff with three additional copies of U.S. Marshal Form 285 so that plaintiff may serve
5 | a copy of the summons and complaint on these defendants. As with the other defendants whom
6 | plaintiff was able to serve, the United States shall advance all costs of service.

## CONCLUSION

8 | For the reasons stated herein, the Court **REJECTS IN PART** the R&R and **DENIES**
9 | defendants' motion to dismiss the following allegations on respondeat superior grounds:
10 | —First Amendment claims against Zamora;
11 | —First cause of action (which includes claims for both deliberate indifference to safety and
12 | excessive force) against Giurbino; and
13 | —First cause of action against Bourland, Paramo, and Bell.

14 | Overruling plaintiff's objection, the Court **ADOPTS IN PART** the R&R and **GRANTS**
15 | defendants' motion to dismiss the following allegations on respondeat superior grounds. Plaintiff
16 | **SHALL HAVE** leave to amend these allegations:
17 | —All claims against Knowles;
18 | —Eighth Amendment claims against Zamora;
19 | —Second cause of action (for deliberate indifference to serious medical needs) against Giurbino;
20 | —Second cause of action against Bourland, Paramo, and Bell; and
21 | —First cause of action against Butler, Newman, and Greenwood.

22 | In the absence of plaintiff's objection or of "clear error" in the Magistrate Judge's findings,
23 | the Court **ADOPTS** the following recommendations of the R&R and **GRANTS** defendants'
24 | motion to dismiss the following allegations, for the reasons stated in the R&R:
25 | —The first cause of action (Eighth Amendment claim for deliberate indifference to safety and
26 | excessive force) as to defendants Knowles, Giurbino, Zamora, Bourland, Paramo, Butler, Bell,
27 | Newman, Greenwood, and Terrones;
28 | —The second cause of action (Eighth Amendment claim for deliberate indifference to serious

1  medical needs) as to defendants Knowles, Giurbino, Zamora, Paramo, Bourland, and Terrones;

2  —All Fourteenth Amendment claims as to all defendants;

3  —Fourth through seventh causes of action (state tort claims for intentional infliction of emotional
4  distress, negligent infliction of emotional distress, negligent custodianship of a prisoner, and
5  negligent conduct of a public employee) as to all defendants;

6  —State-law claims for failure to provide medical care against defendants Knowles, Giurbino,
7  Zamora, Bourland, and Paramo; and

8  —State-law negligence claims against defendants Knowles, Giurbino, Zamora, Bourland, Paramo,
9  Butler, Bell, Newman, Greenwood, and Martinez, to the extent those claims are based on
10 supervisory liability.

11       The Court **GRANTS** leave to amend the first and second causes of action as to all
12 dismissed defendants. The Court **DISMISSES WITH PREJUDICE** the state-law claims (to the
13 extent they are dismissed herein) and the Fourteenth Amendment claims (in their entirety).

14       With respect to the service of process issues, the Court **DISMISSES WITHOUT**
15 **PREJUDICE** defendant R. Din for want of prosecution. The Court **DIRECTS** the Clerk of the
16 Court to provide plaintiff with three additional copies of United States Marshal Form 285 so that
17 plaintiff may again attempt to serve defendants Lopez, Gonzales, and Ibarra.

18       If plaintiff wishes to file a Third Amended Complaint, plaintiff **SHALL FILE** that
19 complaint by August 17, 2009.

20       IT IS SO ORDERED.

21 DATED: June 15, 2009

22                                             Janis L. Sammartino
                                        Honorable Janis L. Sammartino
23                                         United States District Judge

24

25

26

27

28