UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>                                      Plaintiff,<br><br>          v.<br><br>DERRAL G. ADAMS, et al.,<br><br>                                    Defendant. | Civil No.    07cv1343-JLS (POR)<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>**[Document No. 70]** |

## I. INTRODUCTION

On August 21, 2009, Plaintiff Isidro Roman, a state prisoner proceeding *pro se*, filed a third amended civil rights complaint[1] pursuant to 42 U.S.C. § 1983 against the following Defendants: Mike Knowles, warden of the Kern Valley State Prison ("KVSP"); G. Giurbino, warden of the California State Prison at Calipatria ("CSP-CAL"); S. Zamora, healthcare manager of KVSP; M.E. Bourland, chief deputy warden at CSP-CAL; D. Paramo, associate warden at CSP-CAL; C.G. Butler, correctional captain at CSP-CAL; D. Bell, correctional counselor/appeals coordinator at CSP-CAL; Newman and M.D. Greenwood, correctional lieutenants at CSP-CAL; F.L. Martinez, correctional sergeant at CSP-CAL; A. Hernandez, K. Teeters, J. Nutt, C. Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, and P. Rodriguez-Toledo, correctional officers at CSP-CAL; and L. Terrones, medical technical assistant at KVSP.   (Doc. 69.)  Plaintiff sues Defendants in their

---

[1]  Hereafter referred to as "TAC."

official and individual capacities.  (TAC 3-10.)  On September 4, 2009, Defendants filed a Motion to

Dismiss Plaintiff's Complaint.  (Doc. 70.[2])  After thorough review of the parties' papers and all

supporting documents, this Court RECOMMENDS Defendant's Motion to Dismiss be **GRANTED**

in part and **DENIED** in part.

## II. BACKGROUND

A.        **Plaintiff's Specific Factual Allegations**

        Plaintiff is an inmate at the California Substance Abuse Treatment Facility and State Prison

at Corcoran, California.  Plaintiff files this suit, complaining of events which he claims occurred

while he was an inmate at Calipatria State Prison ("CSP-CAL") and Kern Valley State Prison

("KSVP").

        Plaintiff alleges that on September 15, 2005, he requested to be placed in Administrative

Segregation due to threats against him by other inmates.  His request was approved, and Defendants

Martinez and Hernandez escorted him to his assigned cell in Administrative Segregation.  (TAC ¶

26-27.)  Plaintiff was classified as a "Sensitive Needs" inmate, and this classification required that

he not be celled with certain other inmates.  (TAC ¶ 29.)  Plaintiff alleges this classification was

omitted from the order to place him in Administrative Segregation.  Plaintiff alleges this omission

was intentional, and that Defendants Martinez and Hernandez placed him in a cell with an

incompatible inmate from the general population.  (TAC ¶ 30.)  Plaintiff alleges that soon after his

placement in that cell, the other inmate attacked him.  (TAC ¶ 33.)  He claims that during the attack,

which continued for several minutes, Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and

Barajas simply watched as it continued.  (TAC ¶ 34.)  These Defendants finally subdued the other

inmate and ordered Plaintiff to the floor.  (TAC ¶ 35.)  Plaintiff contends Defendants Martinez,

Hernandez, Teeters, Nutt, Rodiles, and Barajas then proceeded to use excessive force on him,

jumping on his back, twisting his arms and legs, elbowing his back and rib cage, and banging his

head against the concrete floor.  (TAC ¶ 36.)  Plaintiff was then taken to be examined by a medical

technician, who noted all of Plaintiff's injuries on a form, a copy of which is attached to Plaintiff's

TAC.  (TAC ¶ 37.)  Defendants Martinez and Hernandez wrote rules violations reports charging

        [2]  Hereafter referred to as "MTD."

1   Plaintiff with initiating the violence.  Plaintiff claims that this charge was false.  (TAC ¶ 39.)
2   Plaintiff was eventually exonerated of this charge.  (TAC ¶ 40.)  Plaintiff filed a grievance in
3   connection with this incident.  (TAC ¶ 41.)

4         Plaintiff also alleges Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas
5   conspired with Defendants Rush, Ibarra, Alderete, Lopez, Gonzalez, and Rodriguez-Toledo to
6   interfere with Plaintiff's First Amendment right to file a grievance.  Plaintiff contends they did so by
7   calling him names such as "child molester," "rat," and "snitch" in front of other inmates.  (TAC ¶
8   38.)  Plaintiff claims that as a result of this name-calling, he was again attacked by another inmate
9   on November 15, 2005.  As a result of that incident, Plaintiff was issued another rules violation
10  report, charging him with mutual combat.  (TAC ¶ 42.)  At the hearing on this charge, Plaintiff
11  claims Defendant Greenwood, the Senior Hearing Officer, offered to dismiss the charge if Plaintiff
12  would drop his grievance.  (TAC ¶ 43.)  He contends that because he declined this offer, he was
13  denied the right to present evidence.  Plaintiff was found guilty of the charge.  (TAC ¶¶ 44-45.)

14        Plaintiff alleges that Defendants Rush, Barajas, Ibarra, Gonzales, Alderete, Lopez, and
15  Rodriguez-Toledo continued to call him names in front of other inmates, which caused other inmates
16  to throw urine and excrement on him during any movement from his cell or other escort.  (TAC ¶
17  46.)  He further alleges he was denied medial treatment when these incidents occurred.  (TAC ¶ 47.)
18  Plaintiff also alleges he was denied medical treatment after he was attacked on September 15, 2005,
19  and November 15, 2005, and he claims to have suffered a broken hand, an injured knee, a fractured
20  nose, black eyes, jaw injuries, and a back injury.  (TAC ¶ 48.)

21        Plaintiff alleges Defendants Giurbino, Bourland, Paramo, Butler, Bell, Newman, and
22  Greenwood should have known about the conduct of the other Defendants because of the rules
23  violation reports that had been written and because of the grievance that Plaintiff had filed.  (TAC ¶
24  49.)

25        Plaintiff alleges that after his transfer to Kern Valley State Prison, he sought medical
26  treatment for the injuries he sustained at Calipatria State Prison, but Defendant Terrones denied him
27  treatment.  He claims that when he filed grievances about the matter, Defendant Zamora retaliated
28  and interfered with his grievance procedures.  (TAC ¶ 50.)

1    Finally, Plaintiff alleges Defendants Giurbino, Bourland, Paramo, and Butler were aware of

2    instances in which staff staged inmate fights, and the other Defendants' rules violation reports

3    against Plaintiff should have caused Defendants Giurbino, Bourland, Paramo, and Bell to investigate

4    and correct the situation in which Plaintiff's rights were violated.  (TAC ¶ 51.)

5    **B.**     **Procedural Background**

6    On July 23, 2007, Plaintiff filed a complaint against Defendants Adams, Crones, Giurbino,

7    and Zamora.  (Doc. 1).  On August 6, 2007, the Court dismissed the case without prejudice for

8    failure to pay filing fees and/or move to proceed in forma pauperis.  (Doc. No. 2).  On August 8,

9    2007, Plaintiff filed a first amended complaint against Defendants Knowles, Bourland, Cobbs,

10   Paramo, Moncayo, Butler, Arline, Bell, Carrillo, Din, Newman, Greenwood, Hinshaw, Cake,

11   Martinez, Lane, Hernandez, Teeters, Nutt, Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez,

12   Gonzales, Rodriguez-Toledo, Terrones, DOES 1-100, Adams, Giurbino, and Zamora.  (Doc. No. 4).

13   On October 18, 2007, the Court sua sponte dismissed Plaintiff's first amended complaint without

14   prejudice for failure to state a claim.  (Doc. 8).

15   On December 11, 2007, Plaintiff filed a second amended complaint against Defendants

16   Bourland, Paramo, Butler, Bell, Din, Newman, Greenwood, Martinez, Hernandez, Teeters, Nutt,

17   Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, Rodriguez-Toledo, Terrones, Giurbino,

18   and Zamora.  (Doc. 13.)  On March 28, 2008, Defendants filed a Motion to Dismiss Plaintiff's

19   Complaint.  (Doc. 41).  On January 26, 2009, the Court issued a Report and Recommendation (Doc.

20   55)  that Defendants' Motion to Dismiss be granted, which the Honorable Janis L. Sammartino

21   adopted in part, and rejected in part.  (Doc. 64.)

22   On August 21, 2009, Plaintiff filed a Third Amended Complaint.  (Doc. 69.)  In his

23   complaint, Plaintiff alleges Defendants violated his (1) First Amendment right to be free from

24   retaliation, (2) Sixth Amendment right to confront his accusers, (3) Fourteenth Amendment right to

25   due process, and (4) Eighth Amendment right to be free from cruel and unusual punishment.  (Doc.

26   69 at 24-29.)

27   On September 4, 2009, Defendants filed a Motion to Dismiss Plaintiff's Third Amended

28   Complaint.  (MTD at 70.)  Defendants seek dismissal on the grounds that: (1) Defendants are

immune from liability for damages in their official capacities under the Eleventh Amendment; (2) Plaintiff has failed to state a claim upon which relief can be granted under the First Amendment for retaliation; (3) Plaintiff has failed to state a claim upon which relief can be granted under the Confrontation Clause of the Sixth Amendment; (4) Plaintiff has failed to state a claim upon which relief can be granted under the Eighth Amendment for deliberate indifference to his medical needs; (5) Plaintiff's Due Process claim is barred under *Heck v. Humphrey*; (6) Giurbino, Bourland, Paramo, Butler, Bell, Newman, and Greenwood cannot be held liable under a theory or respondeat superior for certain claims; (7) Defendants are protected from suit by qualified immunity on Plaintiff's claims under the First, Sixth, Fourteenth, and Eighth Amendment for deliberate indifference to medical needs; (8) Plaintiff failed to comply with California Government Claim Act; and (9) Plaintiff's request for injunctive relief is moot.  (MTD at 10-23.)

## III. DISCUSSION

**A.**      **Standard of Review**

         **1.**      **Rule 12(b)(6) Motions to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999).  "The old formula –- that the complaint must not be dismissed unless it is beyond doubt without merit –- was discarded by the Bell Atlantic decision [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]."  Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp., 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d

1    1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

2         The court does not look at whether the plaintiff will "ultimately prevail but whether the

3    claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236

4    (1974); see Bell Atl. Corp. v. Twombly, 550 U.S. at 563 n.8.  A dismissal under Rule 12(b)(6) is

5    generally proper only where there "is no cognizable legal theory or an absence of sufficient facts

6    alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)

7    (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

8         The court need not accept conclusory allegations in the complaint as true; rather, it must

9    "examine whether [they] follow from the description of facts as alleged by the plaintiff." Holden v.

10   Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see Halkin v. VeriFone, Inc., 11

11   F.3d 865, 868 (9th Cir. 1993); see also Cholla Ready Mix, 382 F.3d at 973 (citing Clegg v. Cult

12   Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)) (stating that on Rule 12(b)(6) motion, a

13   court "is not required to accept legal conclusions cast in the form of factual allegations if those

14   conclusions cannot reasonably be drawn from the facts alleged[]").  "Nor is the court required to

15   accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

16   unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

17        In addition, when resolving a motion to dismiss for failure to state a claim, courts may not

18   generally consider materials outside the pleadings.  Schneider v. Cal. Dep't of Corrs., 151 F.3d

19   1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir.

20   1997); Allarcom Pay Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).

21   "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n.1.

22   This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a

23   motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d

24   232, 236 (7th Cir. 1993).

25        "When a plaintiff has attached various exhibits to the complaint, those exhibits may be

26   considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., 51 F.3d at 1484

27   (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)).  The court may also consider

28   "documents whose contents are alleged in a complaint and whose authenticity no party questions,

1   but which are not physically attached to the pleading . . . ." Branch v. Tunnell, 14 F.3d 449, 454

2   (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119

3   (9th Cir. 2002); Stone v. Writer's Guild of Am. W., Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

4       **2.**        **Standards Applicable to Pro Se Litigants**

5         Where a plaintiff appears in propria persona in a civil rights case, the court must construe the

6   pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles

7   Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly

8   important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving

9   liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of

10  claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266,

11  268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights

12  violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty. Redev.

13  Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts

14  insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of

15  particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733

16  F.2d at 649 (internal quotation omitted).

17        Nevertheless, the court must give a pro se litigant leave to amend his complaint "unless it

18  determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v.

19  Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing Noll v. Carlson,

20  809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a pro se civil rights complaint may be dismissed,

21  the court must provide the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi,

22  839 F.2d at 623-24. But where amendment of a pro se litigant's complaint would be futile, denial of

23  leave to amend is appropriate. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

24      **3.**        **Stating a Claim Under 42 U.S.C. § 1983**

25        To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person

26  acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the

27  plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United

28  States. 42 U.S.C.A. § 1983 (West 2003); Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th

1    Cir. 1986).

2    **B.      11th Amendment**

3          Plaintiff has sued all Defendants in both their official and individual capacities.  (TAC 3-10.)

4    Defendants contend they are immune to suit for damages under the Eleventh Amendment to the

5    extent Plaintiff is suing them in their official capacity.  (MTD at 10-11.)

6          Under the Eleventh Amendment, states are immune from suits for damages brought in

7    federal court.  Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir. 1997).  This protection

8    extends to state officials acting in their official capacity.  Regents of the University of California v.

9    Doe, 519 U.S. 425, 429 (1997).  While the Eleventh Amendment bars a prisoner's section 1983

10   claims against state actors sued in their official capacities, Will v. Michigan, 491 U.S. 58, 66 (1989),

11   it does not bar damage actions against state officials in their personal or individual capacities.  Hafer

12   v. Melo, 502 U.S. 21, 31 (1991); Pena v. Gardner, 976 F.2d 469, 472-73 (9th Cir. 1992).

13         Defendants correctly argue that as state officials they are immune from suit in their official

14   capacity.  (MTD at 10-11.)  However, Plaintiff sues Defendants in both their official and individual

15   capacities.  (TAC 3-10.)  Accordingly, the Court RECOMMENDS Defendants' Motion to Dismiss

16   claims against Defendants in their official capacities be **GRANTED** without further leave to amend,

17   as further amendment would be futile.  See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

18   **C.      First Amendment: Retaliation**

19         Plaintiff contends Defendants Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-

20   Toledo, Martinez, Hernandez, Teeters, Nutt, and Rodiles retaliated against him in violation of his

21   First Amendment rights.  (TAC ¶¶ 38, 41, 49, 50.)  Defendants contend Plaintiff has failed to allege

22   sufficient facts to adequately articulate a First Amendment retaliation claim against some

23   Defendants.  (MTD at 12-14.)  Specifically, Defendants contend Plaintiff fails to satisfy elements 2,

24   3, and 4 of the Rhodes pleading standard.  (Id.)

25         The Constitution provides protections against "deliberate retaliation" by prison officials

26   against an inmate's exercise of his right to petition for redress of grievances.  Soranno's Gasco, Inc.

27   v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Because retaliation by prison officials may chill an

28   inmate's exercise of his legitimate First Amendment rights, such conduct is actionable even if it

would not otherwise rise to the level of a constitutional violation.  Thomas v. Carpenter, 881 F.2d 828, 830 (9th Cir. 1989).  However, there must be a causal connection between the allegedly retaliatory conduct and the action that purportedly provoked the retaliation.  Thus, "timing can properly be considered as circumstantial evidence of retaliatory intent." Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995).  However, a plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act.  Soranno's Gasco, 874 F.2d at 1314; Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of that prisoner's protected conduct, (3) the prisoner exercised protected conduct, (4) and that the state actor's action chilled the inmate's exercise of his First Amendment rights, and (5) was not narrowly tailored to advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 1.    Element 1

Element 1 of the Rhodes pleading standard requires Plaintiff to make an assertion that a state actor took some adverse action against an inmate.  Rhodes, 408 F.3d at 567-68.  However, Defendants do not assert Plaintiff has failed to meet this element.  Therefore, the Court does not address this issue.

### 2.    Element 2

With regard to element 2, Defendants contend Plaintiff fails to assert sufficient facts to establish any Defendants took adverse action against Plaintiff because he exercised his First Amendment rights.  (MTD at 13.)

In Paragraph 38 of his Third Amended Complaint, Plaintiff alleges Defendants Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-Toledo, Martinez, Hernandez, Teeters, Nutt, and Rodiles harassed him by calling him names in an attempt to dissuade him from exercising his First Amendment rights.  (TAC at ¶ 38.)  Therefore, Defendants correctly point out that Plaintiff does not allege Defendants harassed him *because* he filed a grievance, but rather that he filed a grievance after Defendants began harassing him in Paragraph 38 of his TAC.  (MTD at 13.)

However, in Paragraph 41 of his TAC, Plaintiff asserts Defendants retaliated against him by calling him "child molester," "rat," and "snitch" *after* he filed his administrative appeal.  Thus, Plaintiff establishes that filing a grievance was a "substantial" or "motivating" factor in Defendants' decision to act, thereby satisfying element 2 of the <u>Rhodes</u> pleading standard.  <u>Soranno's Gasco</u>, 874 F.2d at 1314.

### 3.   Element 3

Element 3 of the <u>Rhodes</u> pleading standard requires Plaintiff to show he exercised protected conduct.  <u>Rhodes</u>, 408 F.3d at 567-68.  Defendants assert Plaintiff has failed to meet this element. (MTD at 13.)  However, in Paragraph 41 of his TAC, Plaintiff contends he filed an administrative appeal.  (TAC ¶ 41.)  Therefore, Plaintiff satisfies element 3 of the <u>Rhodes</u> pleading standard.

### 4.   Element 4

As to element 4, Defendants contend Plaintiff fails to allege any facts demonstrating Defendants' alleged actions chilled Plaintiff's first amendment rights.  (MTD at 13-14.)

The Court finds Plaintiff does not refer to a single instance in which he attempted to exercise his first amendment right and was thwarted by Defendants.  However, in <u>Rhodes</u>, the Court held allegations that an inmate suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect.  <u>See</u>, <u>e.g.</u>, <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995) (deciding that alleged harm was enough to ground a First Amendment retaliation claim without independently discussing whether the harm had a chilling effect); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir.1989) (same).  Here, Plaintiff asserts he was subjected to a "physical assault upon his person by another inmate...due to the labels of 'child molester,' 'rat' and 'snitch' that he received by the mentioned defendants."  (TAC ¶ 41.)  As a result of this assault, Plaintiff claims he sustained a broken hand, an injured knee, a fractured nose, black eyes, jaw injuries, and a back injury. (TAC at ¶ 48.)  Therefore, Defendants' harassment of Plaintiff as alleged retaliation constitutes a harm that is more than minimal.  Accordingly, Plaintiff's Third Amended Complaint satisfies element 4 of the <u>Rhodes</u> pleading standard.

//

//

**5.      Element 5**

Element 5 of the <u>Rhodes</u> pleading standard requires Plaintiff to make an assertion that a state actor took some adverse action against an inmate.  <u>Rhodes</u>, 408 F.3d at 567-68.  However, Defendants do not assert Plaintiff has failed to meet this element.  Therefore, the Court does not address this issue.

Plaintiff pleads sufficient facts to satisfy the <u>Rhodes</u> pleading standard as to elements 1-5. Accordingly, the Court RECOMMENDS Defendants' Motion to Dismiss Plaintiff's First Amendment claim be **DENIED.**

**C.      Sixth Amendment**

Plaintiff contends Defendant Greenwood violated his Sixth Amendment right by denying him the right to call witnesses and present certain evidence at his disciplinary hearing.  (TAC ¶ 44.) Defendants contend these allegations fail to state a claim under the Sixth Amendment Confrontation Clause.  (MTD at 8.)

The Sixth Amendment to the Constitution of the United States guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him or her.  U.S. Const. Amend VI.  Thus, while the Sixth Amendment rights to confrontation and cross-examination are essential in criminal trials, they are not rights universally applicable to all hearings.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 568 (1974).  Accordingly, the constitution does not impose requirement of confrontation and cross-examination in prison disciplinary proceedings.  (<u>Id.</u>)

Here, Plaintiff contends his Sixth Amendment right was violated during a prison disciplinary hearing.  (TAC ¶ 44.)[3]  This allegation fails to state a claim under the Sixth Amendment Confrontation Clause because the requirements of that clause apply to criminal proceedings and not prison disciplinary hearings.  <u>Wolff</u>, 418 U.S. at 568.  Accordingly, the Court RECOMMENDS Defendants' Motion to Dismiss Plaintiff's Sixth Amendment claim be **GRANTED** without further leave to amend, as further amendment would be futile.  <u>See</u> <u>James</u>, 221 F.3d at 1077.

//

//

---

[3] See discussion under "Heck v. Humphrey" below for Plaintiff's claim Defendants violated his due process rights at his hearing.

07cv1343-JLS (POR)

**D.     Eighth Amendment: Deliberate Indifference to Medical Needs**

Plaintiff alleges Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (TAC ¶¶ 47,48,50.) Specifically, Plaintiff alleges he was denied medical treatment after other inmates threw urine and excrement on him.  (TAC ¶ 47) and after the September 15, 2005 and November 15, 2005 incidents. (TAC ¶ 48.)  Further, Plaintiff alleges Defendant Terrones denied him medical treatment at Kern Valley State Prison.  (TAC ¶ 50.) Defendants contend Plaintiff fails to state an Eighth Amendment claim.  (MTD at 15).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  First, "[a] 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Second, to establish deliberate indifference, a defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need.  McGuckin, 974 F.2d at 1060.  Deliberate indifference to medical needs occurs when prison officials "'deny, delay, or intentionally interfere with medical treatment.'" Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989) (quoting Hutchinson v. US, 838 F.2d 390, 394 (9th Cir. 1984)).

"The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical need than in other cases involving harm to incarcerated individuals because '[t]he State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'" McGuckin, 974 F.2d at 1060.  Nonetheless, the indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation.  Estelle, 429 U.S. at 106.

As to Defendant Terrones, Plaintiff fails to plead sufficient facts showing his medical condition was serious.  Although Plaintiff describes the extensive physical injuries he suffered due to

- 12 -

1   two attacks in September and November of 2005, he does not describe his physical condition at the

2   time he saw Defendant Terrones.  (TAC ¶ 50.)  Further, the copy of his grievance attached to his

3   TAC shows his encounter with Defendant Terrones took place on August 4, 2006, nearly nine

4   months after the November 15, 2005 incident.  (TAC at ¶¶ 48, 50).  Due to Plaintiff's failure to

5   describe his medical need at the time he saw Defendant Terrones, he has not plead facts sufficient to

6   show the failure to treat his condition "could result in further significant injury or the 'unnecessary

7   and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059.

8          As to the remaining Defendants, Plaintiff fails to plead sufficient facts demonstrating these

9   Defendants had culpable states of mind.  In Paragraph 47, Plaintiff states he was denied medical

10  treatment after inmates threw urine and excrement on him.  (TAC at ¶ 47.)  However, Plaintiff fails

11  to plead specific facts showing these Defendants had actual knowledge of incidents or that

12  Defendants failed to provide him with necessary medical attention.

13         Further, in Paragraph 48, Plaintiff contends "he was left without any type of medical

14  treatment during the 9-15-05, and 11-15-05 incidents."  (TAC at ¶ 48.)  However, in Paragraph 37,

15  Plaintiff states: "Plaintiff was removed from the cell floor...and taken to see the M.T.A on duty

16  whom [sic] noted all of Plaintiff [sic] abrasions and injuries on a 7219 form."  Plaintiff also attaches

17  the 7219 form to his TAC, which establishes that he received medical care immediately following

18  the September 15, 2005 incident.  Similarly, Plaintiff attaches a 7219 form prepared after the

19  November 15, 2005 incident establishing he received medical attention on that day as well.

20  Therefore, Plaintiff fails to plead sufficient facts Defendants denied him medical care after the

21  September 15, 2005 and November 15, 2005 incidents.  Based thereon, the Court RECOMMENDS

22  Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim of deliberate indifference to his

23  medical needs be **GRANTED** without further leave to amend, as further amendment would be

24  futile.  See James, 221 F.3d at 1077.

25  **E.     Heck v. Humphrey**

26         Plaintiff contends the manner in which Defendant Greenwood conducted the disciplinary

27  hearing regarding the November 15, 2005 incident violated his rights under the Due Process Clause

28  of the Fourteenth Amendment.  (TAC ¶¶ 43-44.)  Defendants contend Plaintiff's due process claim

    is

1    barred by <u>Heck v. Humphrey</u>.  (MTD at 17-18.)

2        In <u>Heck v. Humphrey</u>, the Supreme Court held that "in order to recover damages for

3    allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

4    unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

5    conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

6    invalid by a state tribunal authorized to make such a determination, or called into question by a writ

7    of habeas corpus."  512 U.S. 475, 486-87 (1994).  If a Plaintiff's Complaint seeks damages based on

8    claims which would "necessarily imply the invalidity" of an underlying conviction or sentence, <u>Heck</u>

9    <u>v. Humphrey</u>, 512 U.S. 477, 489-90 (1994), and he has not shown that the conviction or sentence

10   has already been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. §

11   2254, a section 1983 claim for damages cannot be maintained and the Complaint must be dismissed

12   without prejudice.  <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (finding that

13   an action barred by <u>Heck</u> has not yet accrued and thus, must be dismissed without prejudice so that

14   the plaintiff may reassert his §1983 claims if he ever succeeds in invalidating the underlying

15   conviction or sentence); <u>accord</u> <u>Blueford v. Prunty</u>, 108 F.3d 251, 255 (9th Cir. 1997).

16       In other words, if a criminal conviction, prison disciplinary hearing or other judgment

17   "arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior

18   for which the section 1983 damages are sought, the 1983 action must be dismissed."  <u>Smithart v.</u>

19   <u>Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996).  <u>Edwards v. Balisok</u> makes clear that this reasoning

20   applies whether the prisoner challenges the conviction underlying his original sentence, or a prison

21   administrative ruling which deprives him of good-time credits.  117 S. Ct. 1584, 1587-88 (1997);

22   <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996).  Thus, to determine whether <u>Heck</u> and

23   <u>Edwards</u> bar a claim for damages arising from a prison disciplinary hearing, the court must examine

24   "not the relief sought, but the ground of the challenge." <u>Miller v. Indiana Dept. of Corrections</u>, 75

25   F.3d 330, 331 (7th Cir. 1996).

26       Here, if Plaintiff could prove Defendants violated his Fourteenth Amendment rights in

27   connection with his rule violation hearing, the result would imply he was wrongly assessed a 90-day

28   loss of credit, thereby improperly extending his sentence.  However, no court has called into

question

the legality of any aspect of Plaintiff's conviction or sentence.  <u>Heck</u>, 512 U.S. at 486-87.  Thus,

Plaintiff's success on this claims would imply the illegality of his sentence, which is barred by <u>Heck</u>.

(<u>Id.</u>)  This due process claim cannot be addressed in this §1983 action.  The proper avenue for

Plaintiff would be a habeas petition, which may be time barred.  Accordingly, the Court

RECOMMENDS Defendants' Motion to Dismiss Plaintiff's Due Process Claim be **GRANTED**

without prejudice.  <u>Trimble</u>, 49 F.3d at 585.

**F.      Respondeat Superior**

        Plaintiff alleges Defendants Giurbino, Bourland, Paramo, Butler, Bell, Newman, and

Greenwood are liable on all his claims because, as supervisors of the other Defendants, they knew or

should have known about the actions of their subordinates, particularly about the September 15,

2005 and November 15, 2005 incidents.  (TAC ¶ 49.)  To the extent Plaintiff alleges these

Defendants committed First, Sixth, Eighth and Fourteenth Amendment violations on the basis of

 their supervisory roles alone, Defendants contend the claims against them must be dismissed.

(MTD at 18-19).

        Liability for a civil rights violation under Section 1983 may not be based on a theory of

respondeat superior.  <u>Monell v. Dep't of Social Services of City of New York</u>, 436 U.S. 658, 693

(1978).  "Liability under [§] 1983 arises only upon a showing of personal participation by the

defendant."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Therefore, "a supervisory official,

such as a warden, may be liable under Section 1983 only if he was personally involved in the

constitutional deprivation, or if there was a sufficient causal connection between the supervisor's

wrongful conduct and the constitutional violation."  <u>Henry v. Sanchez</u>, 923 F. Supp. 1266, 1272

(C.D. Cal. 1996).  For there to be a sufficient causal connection, the official must have known of a

constitutional violation; it is not enough to claim that an official should have known of a

constitutional deprivation because of a complaint brought through the prison appeals system.  <u>Barry</u>

<u>v. Ratelle</u>, 985 F. Supp. 1235, 1239 (S.D. Cal. 1997).

        Here, Plaintiff alleges Defendants Giurbino, Bourland, Paramo, Butler, Bell, Newman, and

Greenwood are "liable for the acts of their subordinates in that they knew/or should have known that

the two (2) incidents in which plaintiff was beaten by either other prisoners, or by the guards

themselves, and the reports authored by them, along with the 602 appeals the plaintiff submitted."
(TAC ¶ 49.)  Further, Plaintiff alleges these Defendants were "very well aware" of instances of
guards staging inmate on inmate gladiator style fights.  (TAC ¶ 51.)  Plaintiff, however, fails to
allege these Defendants were personally involved in the events Plaintiff alleges constitute
constitutional violations.  Further, Plaintiff fails to allege any causal connection between these
Defendants and the alleged constitutional violations.  Conversely, Plaintiff alleges Defendants acted
in supervisory and management roles. (TAC at ¶ 4-10).  Therefore, Plaintiff's constitutional claims
against Defendants are based on a theory of respondeat superior, which does not create liability
under section 1983.  Monell, 436 U.S. at 693.  Based thereon, the Court recommends Defendants'
Motion to Dismiss Plaintiff's constitutional claims against Defendants Giurbino, Bourland, Paramo,
Butler, Bell, Newman and Greenwood be **GRANTED** without further leave to amend, as further
amendment would be futile.  See James, 221 F.3d at 1077.

**G.      Qualified Immunity**

        Defendants contend they are protected by qualified immunity from suit because Plaintiff has
failed to adequately allege cognizable claims under the First, Sixth, Fourteenth, and Eighth
Amendments.  (MTD at 13-15.)

        In Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808, 818 (2009), the United States Supreme
Court held that the two-step sequence for analyzing the defense of qualified immunity as set forth in
Saucier v. Katz, 533 U.S. 194 (2001) "should no longer be regarded as mandatory."  In Saucier, the
Court mandated a two-step sequence for resolving government officials' qualified immunity claims.
First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc.
12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right.  533 U.S. at
201.  Second, if the plaintiff has satisfied this first step, the court must decide whether the right at
issue was "clearly established" at the time of defendant's alleged misconduct.  Id.  In Pearson, the
Court reconsidered  Saucier's  mandatory sequence of analysis and concluded that "while the
sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory.
The judges of the district courts and the courts of appeals should be permitted to exercise their sound
discretion in deciding which of the two prongs of the qualified immunity analysis should be

1    addressed first in light of the circumstances in the particular case at hand." <u>Pearson</u>, 129 S.Ct. at

2    818.

3          In this case, the Court first considers whether the facts, as stated in Plaintiff's TAC, establish

4    constitutional violations.  Here, Plaintiff's TAC does not establish claims under the Sixth and

5    Fourteenth Amendments, and Eighth Amendment for deliberate indifference to medical needs.

6    Therefore, Defendants are immune from suit on these issues.  However, Plaintiff's TAC states

7    sufficient facts to overcome Defendants' Motion to Dismiss Plaintiff's First Amendment claim

8    against Defendants Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-Toledo, Martinez,

9    Hernandez, Teeters, Nutt, and Rodiles.  Further, Plaintiff's First Amendment right to be free from

10   retaliation is clearly established, in that "it would be clear to a reasonable officer that his conduct

11   was unlawful in the situation he confronted." <u>Saucier</u>, 121 S.Ct. at 2153.  Therefore, Defendants

12   Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-Toledo, Martinez, Hernandez, Teeters,

13   Nutt,

14   and Rodiles are not immune from suit on Plaintiff's First Amendment claim.

15         Based thereon, the Court hereby RECOMMENDS Defendants' Motion to Dismiss Plaintiff's

16   Sixth, Fourteenth, and Eighth Amendment Deliberate Indifference to Medical Needs claims based

17   on qualified immunity be **GRANTED** without further leave to amend, as further amendment would

18   be futile.  <u>See James</u>, 221 F.3d at 1077.  However, the Court RECOMMENDS Defendants' Motion

19   to Dismiss Plaintiff's First Amendment claim based on qualified immunity be **DENIED**.

20   **H.      California Government Claims Act**

21         Plaintiff contends Defendants violated Article I §§ 3, 7, 15, 17, and 24 of the California

22   Constitution, which correspond to the provisions of the United States Constitution discussed above.

23   Defendants contend the Court should dismiss Plaintiff's California constitutional claims in light of

24   Plaintiff's failure to comply with the California Government Claims Act ("CGCA").  (MTD at 15-

25   16.)

26         The CGCA, Cal. Gov. Code §§ 900 *et seq*., requires that any claim for money damages

27   against a public entity be presented first to the Victim Compensation and Government Claims Board.

28   Cal. Gov. Code § 945.4.  The failure to do so bars the plaintiff from bringing suit against that

     entity.  (<u>Id.</u>)  Moreover, a plaintiff must affirmatively allege facts to establish his compliance with

1    this requirement.  Lozada v. City and County of San Francisco, 145 Cal. App. 4th 1139, 1150-51

2    (2006).[4]

3        Here, there is no indication Plaintiff has complied with CGCA.  First, Plaintiff fails to allege

4    facts which show he has complied with CGCA.  Lozada, 145 Cal. App. 4th at 1150-51.  Second, the

5    documents attached to Plaintiff's TAC show he presented a claim to the Victim Compensation

6    Board, but his claim was late and therefore invalid.  Although the presentation of a late claim is not

7    fatal per se, Plaintiff applied for leave to file a late claim and was denied such leave.  Plaintiff then

8    failed to take the necessary step of applying to an appropriate California Superior Court for a

9    petition for leave from the presentation requirement within six months of the Victims Compensation

10   Board's denial of leave to file a late claim.  See  CAL. GOV. CODE § 946.6(a) & (b)(3).  Therefore,

11   because Plaintiff failed to comply with the requirements of CGCA, the Court RECOMMENDS

12   Defendants' Motion to Dismiss Plaintiff's California Constitution claims be **GRANTED** without

13   further leave to amend, as further amendment would be futile.  See James, 221 F.3d at 1077.

14   **I.      Injunctive Relief**

15       In his Third Amended Complaint, Plaintiff requests injunctive relief, "in the form of Rule 65

16   of the Federal Rules of Civil Procedure against the defendants or any other person, or group of

17   persons acting in concert with the named defendants, their successors in office or out of office, to

18   abstain from any retaliatory measure against Plaintiff, verbally, or physically, in any form, type, or

19   shape."  (TAC at 30.)

20       Defendants contend all named Defendants are officials at institutions other than the

21   institution where Plaintiff is housed.  (MTD at 22-23.)  Therefore, Defendants contend Plaintiff's

22   request for injunctive relief is moot.  (Id.)

23       A claim is considered moot if it has lost its character as a present, live controversy, and if no

24   effective relief can be granted.  Flast v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is

25   involved, questions of mootness are determined in light of the present circumstances.  Mitchell v.

26   Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

27   //

28

_____

[4] There appears to be no special consideration for prisoners filing suit against public entities.

07cv1343-JLS (POR)

Currently, Plaintiff is housed at the California Substance Abuse Facility, where none of the named Defendants works. (FAP at 1.) Therefore an injunction ordering the employees of Calipatria State Prison or Kern Valley State Prison to stop taking retaliatory measures against him would not grant Plaintiff any relief, as Plaintff is no longer at either of these institutions. See Flast, 392 U.S. at 95. Accordingly, the Court RECOMMENDS Defendants' demand that Plaintiff's request for injunctive relief be denied against employees at Calipatria State Prison and Kern Valley State Prison be **GRANTED** without prejudice.

## IV. CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that Defendants' motion to dismiss be **GRANTED** in part and **DENIED** in part. The Court RECOMMENDS:

(1)     Defendants' Motion to Dismiss claims against Defendants in their official capacities be **GRANTED** without further leave to amend.

(2)     Defendants' Motion to Dismiss Plaintiff's First Amendment claim be **DENIED.**

(3)     Defendants' Motion to Dismiss Plaintiff's Sixth Amendment claim be **GRANTED** without further leave to amend.

(4)     Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim of deliberate indifference to his medical needs be **GRANTED** without further leave to amend.

(5)     Defendants' Motion to Dismiss Plaintiff's Due Process Claim be **GRANTED** without prejudice.

(6)     Defendants' Motion to Dismiss Plaintiff's constitutional claims against Defendants Giurbino, Bourland, Paramo, Butler, Bell, Newman and Greenwood be **GRANTED** without further leave to amend.

(7)     Defendants' Motion to Dismiss Plaintiff's Sixth, Fourteenth, and Eighth Amendment Deliberate Indifference to Medical Needs claims based on qualified immunity be **GRANTED** without further leave to amend, whereas Defendants' Motion to Dismiss Plaintiff's First Amendment claim based on qualified immunity be **DENIED**.

(8)     Defendants' Motion to Dismiss Plaintiff's California Constitution claims be **GRANTED** without further leave to amend.

(9)     Defendants' demand that Plaintiff's request for injunctive relief be denied against employees at Calipatria State Prison and Kern Valley State Prison be **GRANTED** without prejudice.

If the Court adopts the aforementioned recommendations, Plaintiff's only remaining causes of action are the following: (1) First Amendment Claim for Retaliation against Defendants Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-Toledo, Martinez, Hernandez, Teeters, Nutt, and Rodiles; and (2) Eighth Amendment Claim for Excessive Force against Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before **July 16, 2010**.  This document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed **no later than 14 days** after being served with the objections.  *The parties are advised that no extensions of time will be granted for purposes of filing objections*.  The parties are further advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  June 24, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:        The Honorable Janis L. Sammartino
           all parties