UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　　　　　　　　　Defendant. | Civil No.　07cv1343-JLS (POR)<br><br>**REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED WITHOUT PREJUDICE**<br><br>**[Document No. 78]** |

On December 4, 2009, Plaintiff, a state prisoner proceeding *pro se*, filed a Motion for Summary Judgment. (Doc. 78.) On February 5, 2010, Defendants filed a Response in Opposition to Plaintiff's Motion for Summary Judgment. (Doc. 81.) On February 24, 2010, Plaintiff filed a Reply. (Doc. 83.) On September 4, 2009, Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 70), which is the subject of a Report and Recommendation filed on June 24, 2010. The Court takes into account those recommendations in its analysis here of Plaintiff's Motion for Summary Judgment.

Based upon a thorough review of the parties' papers, and for the reasons set forth below, the undersigned magistrate judge respectfully RECOMMENDS Plaintiff's Motion for Summary Judgment be **DENIED** without prejudice.

## I. BACKGROUND

### A. Plaintiff's Specific Factual Allegations

Plaintiff is an inmate at the California Substance Abuse Treatment Facility and State Prison at Corcoran, California. Plaintiff files this suit, complaining of events which he claims occurred

while he was an inmate at Calipatria State Prison ("CSP-CAL") and Kern Valley State Prison ("KSVP").

Plaintiff alleges that on September 15, 2005, he requested to be placed in Administrative Segregation due to threats against him by other inmates. His request was approved, and Defendants Martinez and Hernandez escorted him to his assigned cell in Administrative Segregation. (TAC[1] ¶ 26-27.) Plaintiff was classified as a "Sensitive Needs" inmate, and this classification required that he not be celled with certain other inmates. (TAC ¶ 29.) Plaintiff alleges this classification was omitted from the order to place him in Administrative Segregation. Plaintiff alleges this omission was intentional, and that Defendants Martinez and Hernandez placed him in a cell with an incompatible inmate from the general population. (TAC ¶ 30.) Plaintiff alleges that soon after his placement in that cell, the other inmate attacked him. (TAC ¶ 33.) He claims that during the attack, which continued for several minutes, Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas simply watched as it continued. (TAC ¶ 34.) These Defendants finally subdued the other inmate and ordered Plaintiff to the floor. (TAC ¶ 35.) Plaintiff contends Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas then proceeded to use excessive force on him, jumping on his back, twisting his arms and legs, elbowing his back and rib cage, and banging his head against the concrete floor. (TAC ¶ 36.) Plaintiff was then taken to be examined by a medical technician, who noted all of Plaintiff's injuries on a form, a copy of which is attached to Plaintiff's TAC. (TAC ¶ 37.) Defendants Martinez and Hernandez wrote rules violations reports charging Plaintiff with initiating the violence. Plaintiff claims that this charge was false. (TAC ¶ 39.) Plaintiff was eventually exonerated of this charge. (TAC ¶ 40.) Plaintiff filed a grievance in connection with this incident. (TAC ¶ 41.)

Plaintiff also alleges Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas conspired with Defendants Rush, Ibarra, Alderete, Lopez, Gonzalez, and Rodriguez-Toledo to interfere with Plaintiff's First Amendment right to file a grievance. Plaintiff contends they did so by calling him names such as "child molester," "rat," and "snitch" in front of other inmates. (TAC ¶ 38.) Plaintiff claims that as a result of this name-calling, he was again attacked by another inmate

---

[1]TAC refers to Plaintiff's Third Amended Complaint.

1 on November 15, 2005.  As a result of that incident, Plaintiff was issued another rules violation
2 report, charging him with mutual combat.  (TAC ¶ 42.)  At the hearing on this charge, Plaintiff
3 claims Defendant Greenwood, the Senior Hearing Officer, offered to dismiss the charge if Plaintiff
4 would drop his grievance.  (TAC ¶ 43.)  He contends that because he declined this offer, he was
5 denied the right to present evidence.  Plaintff was found guilty of the charge.  (TAC ¶¶ 44-45.)

6 Plaintiff alleges that Defendants Rush, Barajas, Ibarra, Gonzales, Alderete, Lopez, and
7 Rodriguez-Toledo continued to call him names in front of other inmates, which caused other inmates
8 to throw urine and excrement on him during any movement from his cell or other escort.  (TAC ¶
9 46.)  He further alleges he was denied medial treatment when these incidents occurred.  (TAC ¶ 47.)
10 Plaintiff also alleges he was denied medical treatment after he was attacked on September 15, 2005,
11 and November 15, 2005, and he claims to have suffered a broken hand, an injured knee, a fractured
12 nose, black eyes, jaw injuries, and a back injury.  (TAC ¶ 48.)

13 Plaintiff alleges Defendants Giurbino, Bourland, Paramo, Butler, Bell, Newman, and
14 Greenwood should have known about the conduct of the other Defendants because of the rules
15 violation reports that had been written and because of the grievance that Plaintiff had filed.  (TAC ¶
16 49.)

17 Plaintiff alleges that after his transfer to Kern Valley State Prison, he sought medical
18 treatment for the injuries he sustained at Calipatria State Prison, but Defendant Terrones denied him
19 treatment.  He claims that when he filed grievances about the matter, Defendant Zamora retaliated
20 and interfered with his grievance procedures.  (TAC ¶ 50.)

21 Finally, Plaintiff alleges Defendants Giurbino, Bourland, Paramo, and Butler were aware of
22 instances in which staff staged inmate fights, and the other Defendants' rules violation reports
23 against Plaintiff should have caused Defendants Giurbino, Bourland, Paramo, and Bell to investigate
24 and correct the situation in which Plaintiff's rights were violated.  (TAC ¶ 51.)

25 **B.   Procedural Background**

26 On July 23, 2007, Plaintiff filed a complaint against Defendants Adams, Crones, Giurbino,
27 and Zamora.  (Doc. 1).  On August 6, 2007, the Court dismissed the case without prejudice for
28 failure to pay filing fees and/or move to proceed in forma pauperis.  (Doc. No. 2).  On August 8,

2007, Plaintiff filed a first amended complaint against Defendants Knowles, Bourland, Cobbs, Paramo, Moncayo, Butler, Arline, Bell, Carrillo, Din, Newman, Greenwood, Hinshaw, Cake, Martinez, Lane, Hernandez, Teeters, Nutt, Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, Rodriguez-Toledo, Terrones, DOES 1-100, Adams, Giurbino, and Zamora. (Doc. No. 4). On October 18, 2007, the Court sua sponte dismissed Plaintiff's first amended complaint without prejudice for failure to state a claim. (Doc. 8).

On December 11, 2007, Plaintiff filed a second amended complaint against Defendants Bourland, Paramo, Butler, Bell, Din, Newman, Greenwood, Martinez, Hernandez, Teeters, Nutt, Rodiles, Rush, Barajas, Ibarra, Alderete, Lopez, Gonzales, Rodriguez-Toledo, Terrones, Giurbino, and Zamora. (Doc. 13.) On March 28, 2008, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 41). On January 26, 2009, the Court issued a Report and Recommendation (Doc. 55) that Defendants' Motion to Dismiss be granted, which the Honorable Janis L. Sammartino adopted in part, and rejected in part. (Doc. 64.)

On August 21, 2009, Plaintiff filed a Third Amended Complaint. (Doc. 69.) In his complaint, Plaintiff alleges Defendants violated his (1) First Amendment right to be free from retaliation, (2) Sixth Amendment right to confront his accusers, (3) Fourteenth Amendment right to due process, and (4) Eighth Amendment right to be free from cruel and unusual punishment.[2] (Doc. 69 at 24-29.)

On September 4, 2009, Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint. (MTD at 70.) Defendants seek dismissal on the grounds that: (1) Defendants are immune from liability for damages in their official capacities under the Eleventh Amendment; (2) Plaintiff has failed to state a claim upon which relief can be granted under the First Amendment for retaliation; (3) Plaintiff has failed to state a claim upon which relief can be granted under the Confrontation Clause of the Sixth Amendment; (4) Plaintiff has failed to state a claim upon which relief can be granted under the Eighth Amendment for deliberate indifference to his medical needs; (5) Plaintiff's Due Process claim is barred under *Heck v. Humphrey*; (6) Giurbino, Bourland,

---

[2] Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by (1) being indifferent to his medical needs, and (2) using excessive force.

1 Paramo, Butler, Bell, Newman, and Greenwood cannot be held liable under a theory or respondeat
2 superior for certain claims; (7) Defendants are protected from suit by qualified immunity on
3 Plaintiff's claims under the First, Sixth, Fourteenth, and Eighth Amendment for deliberate
4 indifference to medical needs; (8) Plaintiff failed to comply with California Government Claim Act;
5 and (9) Plaintiff's request for injunctive relief is moot. (MTD at 10-23.)

6 On December 4, 2009, Plaintiff, a state prisoner proceeding *pro se*, filed a Motion for
7 Summary Judgment. (Doc. 78.) On February 5, 2010, Defendants filed a Response in Opposition to
8 Plaintiff's Motion for Summary Judgment. (Doc. 81.) On February 24, 2010, Plaintiff filed a Reply.
9 (Doc. 83.)

10 On June 24, 2010, the Court issued a Report and Recommendation granting in part and
11 denying in part Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. If the Court
12 adopts these recommendations, Plaintiff's only remaining causes of action are the following: (1) First
13 Amendment Claim for Retaliation against Defendants Rush, Barajas, Ibarra, Alderete, Lopez,
14 Gonzalez, Rodriguez-Toledo, Martinez, Hernandez, Teeters, Nutt, and Rodiles; and (2) Eighth
15 Amendment Claim for Excessive Force against Defendants Martinez, Hernandez, Teeters, Nutt,
16 Rodiles, and Barajas.

**II.     STANDARD OF REVIEW**

18 Federal Rule of Civil Procedure 56(c) authorizes the granting of summary judgment "if the
19 pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no
20 genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."
21 The standard for granting a motion for summary judgment is essentially the same as for the granting
22 of a directed verdict. Judgment must be entered "if, under the governing law, there can be but one
23 reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51
24 (1986). However, "[i]f reasonable minds could differ," judgment should not be entered in favor of
25 the moving party. Id.; see also Blankenhorn v. City of Orange, 485 F.3d 463, 470 (9th Cir. 2007) ("If
26 a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment
27 must be denied.") (alteration omitted).

28 //

1    The parties bear the same substantive burden of proof as would apply at a trial on the merits,
2 including plaintiff's burden to establish any element essential to his case. Liberty Lobby, 477 U.S. at
3 252; Celotex v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
4 1989).

5    The moving party bears the initial burden of identifying the elements of the claim in the
6 pleadings, or other evidence, which the moving party "believes demonstrates the absence of a
7 genuine issue of material fact." Celotex, 477 U.S. at 323; Adickes v. S. H. Kress & Co., 398 U.S.
8 144 (1970); Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982). "A material issue of
9 fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing
10 versions of the truth." S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).

11    The burden then shifts to the non-moving party to establish, beyond the pleadings, that there
12 is a genuine issue for trial. Celotex, 477 U.S. at 324. To successfully rebut a properly supported
13 motion for summary judgment, the non-moving party "must point to some facts in the record that
14 demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [non-
15 moving party's] favor, could convince a reasonable jury to find for the [nonmoving party]." Reese v.
16 Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000) (citing FED.R.CIV.P. 56; Celotex,
17 477 U.S. at 323; Anderson, 477 U.S. at 249); see also Galen v. County of Los Angeles, 477 F.3d 652,
18 658 (9th Cir. 2007) (noting that the non-moving party may defeat summary judgment if she makes a
19 showing sufficient to establish a question of material fact requiring a trial to resolve).

20    "To defeat a summary judgment motion ..., the non-moving party 'may not rest upon the mere
21 allegations or denials' in the pleadings. FED.R.CIV.P. 56(e). Instead, the non-moving party "must
22 establish the existence of a genuine factual dispute on the basis of admissible evidence; bare
23 allegations without evidentiary support are insufficient to survive summary judgment." Estate of
24 Tucker ex rel. Tucker v. Interscope Records, Inc., 2008 WL 341709 at *9 n.14 (9th Cir. Feb. 8, 2008)
25 (Nos. 05-56045, 06-55376). However, even evidence "presented in an inadmissable form" may be
26 considered at the summary judgment stage, if "the contents of the evidence would be admissible at
27 trial." See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage,
28 we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of

its contents.").

Here, the Court considered documents attached to Plaintiff's Third Amended Complaint (Doc. 69), which the law allows. While the district court is "not required to comb the record to find some reason to deny a motion for summary judgment," Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1417-18 (9th Cir. 1988), Nilsson v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir. 1988), the court may nevertheless exercise its discretion "in appropriate circumstances," to consider materials in the record which are on file but not "specifically referred to." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

## V.  DISCUSSION

In his Motion for Summary Judgment, Plaintiff alleges the following three facts are undisputed: (1) "Plaintiff was exposed to physical assault when placed intentionally in the wrong cell, and was beaten by prison guards;" (2) "Plaintiff was wrongly charged of a Rules Violation Report, and that eventually he was exonerated of all charges;" and (3) Plaintiff "suffered several injuries and was untreated for a long period of time." (Doc. 78 at 3.) Based thereon, Plaintiff asserts he is entitled to a judgment as a matter of law. (Id.)

Defendants contend Plaintiff's Motion for Summary Judgment should be denied for the following reasons: (1) The case can be disposed of without the Court having to decide substantive constitutional issues; (2) Plaintiff has not established his claimed undisputed facts are undisputed; and (3) even if Plaintiff had established his allegedly undisputed facts are undisputed, these facts are not sufficient to support his constitutional claims. (Doc. 81 at 2.)

### A.  Recommended Dismissed Claims

In its June 24, 2010 Report and Recommendation, the Court recommended dismissing Plaintiff's following claims against all Defendants: (1) Sixth Amendment claim; (2) Eighth Amendment Claim of deliberate indifference to medical needs; and (3) Fourteenth Amendment Due Process Claim. Based on the recommended dismissal of these claims, the Court declines to address these claims in Plaintiff's Motion for Summary Judgment. The Court, however, addresses Plaintiff's surviving claims, his First Amendment and Eighth Amendment excessive force claims.

//

### B.     Plaintiff's Claims Are Not Undisputed

As stated above, Plaintiff states three facts are undisputed in his Motion for Summary Judgment.[3] Defendants assert certain documents that are attached to Plaintiff's Third Amended Complaint ("TAC") contradict his claim that the <u>first</u> and <u>third</u> statements of fact are undisputed. (Doc. 81 at 5.)

First, Plaintiff contends he "was exposed to physical assault when placed intentionally in the wrong cell, and was beaten by prison guards." (Doc. 78 at 3.) Defendants contend Plaintiff's claim is disputed. (Doc. 81 at 4-5.) Although Defendants do not dispute Plaintiff was placed in the wrong cell and received physical injuries as a result of an altercation with his cell mate, they allege Plaintiff's claim his placement in the wrong cell was intentional is contradicted by the record. (Doc. 81 at 5.)

A review of the record shows Plaintiff's first statement of fact is disputed. Specifically, a copy of a crime incident report attached as an exhibit to Plaintiff's TAC states, "A review of the GA 154 reveals that Inmate Roman was housed in cell 239 in error. The GA 154 was corrected and the correction was smudged on the copy that used to house him." (Doc. 69-2 at 68.) Further, a copy of the report of a hearing in which the charge against Plaintiff was dismissed states, "SHO verified information with Ad Seg that an error occurred that housed a SNY inmate with a General Population inmate." (<u>Id.</u> At 84.) At the very least, these documents create a dispute as to whether Plaintiff's placement in the wrong cell was an error, rather than intentional. Therefore, Plaintiff's first claimed undisputed fact is disputed.

Second, Plaintiff contends he "suffered several injuries and was untreated for a long period of time." (Doc. 78 at 3.) Defendants contend Plaintiff's claim is contradicted by a document attached as an exhibit to Plaintiff's TAC. (Doc. 81 at 5-6.)

A review of the record shows Plaintiff's third statement of fact is disputed. In a September 15, 2005 medical examination report, it is apparent Plaintiff received medical treatment the same day as his cell incident. (Doc. 69-2 at 36.) Plaintiff also acknowledges he was seen by medical personnel

---

[3] Plaintiff, however, fails to submit a separate statement of uncontroverted facts with his Motion for Summary Judgment.

immediately following the incident in his TAC. (TAC at ¶ 37.) At the very least, this document and Plaintiff's assertion create a dispute as to the delay, if any, before Plaintiff received medical treatment after the September 15, 2005 incident. Therefore, Plaintiff's third claimed undisputed fact is disputed.

In light of the existence of a genuine factual dispute as to Plaintiff's first and third claimed undisputed facts, the Court RECOMMENDS Plaintiff's Motion for Summary Judgment be **DENIED** without prejudice.

### C. Plaintiff's Failure to Establish Constitutional Claims

Even if the Court finds Plaintiff's three facts alleged in his Motion for Summary Judgment are undisputed, these facts are not sufficient to support Plaintiff's two remaining constitutional claims.[4]

#### 1. First Amendment Claim for Retaliation

In his TAC, Plaintiff contends Defendants Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-Toledo, Martinez, Hernandez, Teeters, Nutt, and Rodiles retaliated against him in violation of his First Amendment rights. (TAC ¶¶ 38, 41, 49, 50.) Defendants contend Plaintiff fails to plead sufficient facts to entitle him to summary judgment on this claim. (Doc. 81 at 6.)

The Constitution provides protections against "deliberate retaliation" by prison officials against an inmate's exercise of his right to petition for redress of grievances. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Because retaliation by prison officials may chill an inmate's exercise of his legitimate First Amendment rights, such conduct is actionable even if it would not otherwise rise to the level of a constitutional violation. Thomas v. Carpenter, 881 F.2d 828, 830 (9th Cir. 1989). However, there must be a causal connection between the allegedly retaliatory conduct and the action that purportedly provoked the retaliation. Thus, "timing can properly be considered as circumstantial evidence of retaliatory intent." Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995). However, a plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act. Soranno's Gasco, 874 F.2d at

---

[4] Plaintiff's remaining constitutional claims include: (1) First Amendment Claim for Retaliation against Defendants Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-Toledo, Martinez, Hernandez, Teeters, Nutt, and Rodiles; and (2) Eighth Amendment Claim for Excessive Force against Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas.

1314; Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of that prisoner's protected conduct, (3) the prisoner exercised protected conduct, (4) and that the state actor's action chilled the inmate's exercise of his First Amendment rights, and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Assuming Plaintiff's first assertion that he "was exposed to physical assault when placed intentionally in the wrong cell, and was beaten by prison guards," is undisputed, Plaintiff establishes the first element of the Rhodes pleading standard, that Defendants took adverse action against him. (Doc. 78 at 3.) However, Plaintiff's statements that he was wrongly charged with a rule violation and that his medical needs were neglected do not establish that Defendants took some adverse action against him because of his protected conduct, that he exercised protected conduct, and that Defendants' actions chilled his exercise of his First Amendment rights, which was not narrowly tailored to advance a legitimate correctional goal. Therefore, Plaintiff's claimed undisputed facts fail to establish elements 2-5 of the Rhodes pleading standard.

**2.     Eighth Amendment Claim for Excessive Force**

In his TAC, Plaintiff claims Defendants Martinez, Hernandez, Teeters, Nutt, Rodiles, and Barajas used excessive force against him in violation of the Eighth Amendment.[5]

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Schwenk v. Anderson, 204 F.3d 1187, 1196 (9th Cir. 2000); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986). Courts examine (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by

---

[5] Defendants do not address Plaintiff's Eighth Amendment excessive force claim in their Opposition to Plaintiff's Motion for Summary Judgment.

1 responsible officials on the basis of facts known to them; and (5) any efforts made to temper the
2 severity of a forceful response.  <u>Hudson</u>, 503 U.S. at 7.

3      Assuming Plaintiff's assertions are undisputed, Plaintiff's claim that he was intentionally
4 placed in the wrong cell, beaten by prison guards, and suffered several injuries satisfies the third
5 element of the <u>Hudson</u> standard, the extent of the injury inflicted.  However, Plaintiff's claimed
6 undisputed facts fail to establish or refute the following: the need for application of force; the
7 relationship between the need and the amount of force used; the extent of threat to the safety of staff
8 and inmates, as reasonably perceived by responsible officials on the basis of facts known to them;
9 and any efforts made to temper the severity of a forceful response.  Therefore, Plaintiff's claimed
10 undisputed facts fail to establish elements 1, 2, 4, and 5 of the <u>Hudson</u> standard.

11      Based thereon, the Court hereby RECOMMENDS Plaintiff's Motion for Summary Judgment
12 be **DENIED** without prejudice.

13                **VI.   CONCLUSION**

14      After thorough review of the record in this case and based on the foregoing, the Court hereby
15 RECOMMENDS Plaintiff's Motion for Summary Judgment be **DENIED** without prejudice.

16      This report and recommendation will be submitted to the United States District Court Judge
17 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written
18 objections with the Court and serve a copy on all parties on or before **July 16, 2010**.  The document
19 should be captioned "Objections to Report and Recommendation." Any reply to the objections shall
20 be served and filed **no later than 14 days** after being served with the objections.  The parties are
21 further advised that failure to file objections within the specified time may waive the right to appeal
22 the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23      **IT IS SO ORDERED.**

24 DATED: June 25, 2010

25
26                              LOUISA S PORTER
                             United States Magistrate Judge
27
28 cc:       The Honorable Janis L. Sammartino
           all parties