UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　　　　　　　Defendant. | Civil No.　07cv1343-JLS (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Document No. 94]** |

　　　On October 14, 2010, Plaintiff filed a Motion for Appointment of Counsel.  (Doc. 94.) Plaintiff contends his "incarceration renders him unable to conduct timely and meaningful investigation," and his "general and legal education renders him unable to present his case."  (Id.) Further, Plaintiff contends the case is complex and that "[a]n attorney would help plaintiff apply the law properly in briefs and before the court."  (Id. at 2.)  Plaintiff also contends English is his second language.  (Id. at 3.)

　　　"[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

　　　Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823

(9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff asserts he is unable to conduct meaningful investigations, he has no legal education, the issues are complex, and, finally, English is his second language. It appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. First, Plaintiff's pro se pleading survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Second, the Court's docket reflects that Plaintiff effected service of his Complaint and summons upon Defendants via the U.S. Marshal. See 28 U.S.C. § 1915(d). Further, the docket reflects Plaintiff's Third Amended Complaint partially survived a Motion to Dismiss.

Accordingly, under the circumstances of this case, the Court finds that Plaintiff has not shown the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

DATED: November 18, 2010

_____
LOUISA S PORTER
United States Magistrate Judge

cc:	The Honorable Janis L. Sammartino
	all parties