# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>                                   Plaintiff,<br>vs.<br><br>MIKE KNOWLES, et al.,<br><br>                                   Defendants. | CASE NO. 07CV1343 JLS (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>(ECF Nos. 99 & 108.) |

On October 18, 2010, Plaintiff Isidro Roman filed his Fourth Amended Complaint. (4AC, ECF No. 95.) The complaint asserts three causes of action under § 1983: (1) violations of the 8th Amendment; (2) violations of the 1st Amendment; and (3) violations of the 14th Amendment. Defendants moved to dismiss the complaint. (4MTD, ECF No. 99.) Magistrate Judge Porter issued a Report and Recommendation (R&R) recommending this Court grant in part and deny in part Defendants' motion. (4R&R, ECF No. 108.)

Presently before the Court is Judge Porter's R&R, both parties objections' to the R&R, and Defendants' reply to Plaintiff's objections. (P's Objections, ECF No. 109; D's Objections, ECF No. 111; P's Reply, ECF No. 112.) After consideration, the Court **ADOPTS** the R&R in its entirety and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

///
///
///

## LEGAL STANDARD

### 1. Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

### 2. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally known as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, —U.S.— , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a

defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Id.*

When a court grants a motion to dismiss, the court should also grant leave to amend "'unless [it] determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, the Court may deny leave to amend if amendment would be futile. See *Id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

**ANALYSIS**

Both parties object to Judge Porter's R&R. The Court discusses each parties' objections in turn.

**I.  Plaintiff's Objections**

Plaintiff objects to the recommendation that (1) Defendants' motion to dismiss Plaintiff's Eighth Amendment excessive force claim be granted without prejudice and (2) Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim as against Defendant Greenwood be granted without leave to amend. (P's Objections 5.)

**A.  Eighth Amendment Excessive Force**

Judge Porter found that Plaintiff failed to exhaust administrative remedies related to his Eighth Amendment excessive force claim and that he was not excused from exhausting said remedies. (4R&R 10–12.) As a result, Judge Porter recommended that these claims be dismissed without prejudice. (*Id.* at 22.)

Plaintiff argues that he should be excused from exhausting his excessive force claim. A plaintiff is excused from exhausting the prison grievance procedure if he has taken "'reasonable and appropriate steps to exhaust [a] claim,' but is prevented from doing so by the mistake or

misconduct of a prison official." *Jacobs v. Woodford*, 2011 WL 1584429, at *3 (E.D. Cal. April 26, 2011) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1224–25 (9th Cir. 2010)). The question, therefore, is whether Plaintiff asserted sufficient facts to establish that he should be excused from the exhaustion requirements.

Plaintiff asserts that he should be excused from the exhaustion requirement because "prison officials made it virtually impossible for [him] to submit administrative appeals." (P's Objections 6.) Officials allegedly defaced, refused to process, confiscated his grievances, and denied him additional appeal forms. (*Id.*) Plaintiff also argues that he was not properly instructed on how to pursue administrative remedies, and thus he had none available to him. (*Id.*)

The Court finds that Plaintiff is not excused from the exhaustion requirements because Plaintiff did not take reasonable and appropriate steps to exhaust his Eighth Amendment excessive force claim. On November 27, 2005, Plaintiff filed an administrative appeal regarding the conduct of correctional officers A. Hernandez and F.L. Martinez, both of whom are Defendants in the excessive force claim. (ECF No. 101 at 5, 26–30.) The conduct complained of in the administrative appeal occurred the same day as the events underlying Plaintiff's excessive force claim. (*Id.*)

Having successfully filed an administrative appeal concerning parties and dates nearly identical to those underlying the excessive force claim, the Court finds that Plaintiff failed to take reasonable and appropriate steps to exhaust the excessive force claim. It would have been reasonable and appropriate to file an administrative appeal regarding the excessive force claim when filing the other administrative appeal. Plaintiff's failure to do so is inexcusable.

Having found that Plaintiff failed to take reasonable and appropriate steps to exhaust his claims, the Court finds that Plaintiff is not excused from failing to exhaust his claims. Thus, the Court **ADOPTS** the R&R's recommendation and **DISMISSES** this claim **WITHOUT PREJUDCE**.

**B.    First Amendment Claim Against Greenwood**

The R&R recommends this Court dismiss with prejudice Plaintiff's First Amendment retaliation claim against Defendant Greenwood. The Court **ADOPTS** this recommendation.

1    Plaintiff's Third Amended Complaint contained claims against Defendant Greenwood.
2 This Court's August 5, 2010 Order dismissed Plaintiff's constitutional claims against Defendant
3 Greenwood without further leave to amend. And because the First Amendment retaliation claim
4 alleged here—in Plaintiff's Fourth Amended Complaint—is a constitutional claim against
5 Defendant Greenwood, it is beyond the scope of permissible claims. Thus, it is appropriately
6 **DISMISSED WITH PREJUDICE**.

7 **II.    Defendants' Objections**

8    Defendants object to the R&R on the grounds that (1) the R&R should have recommended
9 dismissal of Plaintiff's Eighth Amendment deliberate indifference to safety claim, because it was
10 beyond the scope of claims that this Court had explicitly stated were remaining in the case; and
11 that (2) the R&R should have recommended dismissal of Plaintiff's First Amendment retaliation
12 claim for failure to exhaust administrative remedies as to that claim. (D's Objections 3.)

13 **A.    Eighth Amendment Deliberate Indifference to Safety**

14    The first question before the Court is whether Plaintiff's Eighth Amendment deliberate
15 indifference to safety claim is within the scope of claims remaining in the case. Answering this
16 question requires the Court to look at prior pleadings and Orders.

17    The Court begins with Plaintiff's Second Amended Complaint, (SAC, ECF No. 13), and
18 the R&R accompanying it, (2R&R, ECF No. 55.) Plaintiff's SAC alleged that he was categorized
19 as a "Sensitive Needs" inmate. (SAC ¶ 17.) As a sensitive needs inmate, Plaintiff was supposed
20 to be segregated from general population inmates. (SAC ¶ 19.) Plaintiff asserts that Defendants
21 Martinez and Hernandez were aware of Plaintiff's sensitive needs classification but placed in him
22 a cell with a general population inmate. (SAC ¶ 24.) Plaintiff was immediately attacked by the
23 general population inmate and suffered serious injuries. (SAC ¶ 26–27.)

24    These allegations formed the basis of an Eighth Amendment deliberate indifference to
25 safety claim. Judge Porter's R&R on Defendants' motion to dismiss Plaintiff's SAC discussed
26 these facts and ultimately dismissed the deliberate indifference to safety claim without prejudice.
27 (2R&R 21–22.)
28 ///

1   Plaintiff's Third Amended Complaint made many of the same allegations. (TAC, ECF No.
2   69). Indeed, when it came to the allegations regarding Plaintiff's placement in a cell with a
3   general population inmate, the allegations were nearly identical. (TAC ¶¶ 29–30, 33–35.)

4   But Defendants' motion to dismiss Plaintiff's TAC did not address a deliberate
5   indifference to safety claim. (ECF No. 71.) It addressed only an Eighth Amendment claim for
6   deliberate indifference to medical needs. (*Id.* 12–14.) As a result, the R&R for Defendants'
7   motion to dismiss did not address the claim. (3R&R, ECF No. 88.) And the R&R failed to
8   mention an Eighth Amendment deliberate indifference to safety claim as one of the remaining
9   causes of action. (3R&R 20, 4R&R 8, D's Objections 5.)

10   The Court now reaches the operative complaint, motion to dismiss, and R&R. Plaintiff's
11   Fourth Amended Complaint makes the same deliberate indifference to safety allegations as those
12   found in his SAC and TAC. (4AC ¶ 20–26.) He alleges again that Defendants were indifferent to
13   his safety by putting him in a cell with an incompatible cell mate, which led to a physical attack.
14   (4AC ¶ 21, 22, 24, 25.)

15   Defendants' motion to dismiss the 4AC argues that any Eighth Amendment claim not
16   based on excessive force is beyond the scope of this Court's prior Order: the R&R for the TAC
17   failed to mention indifference to safety as one of the remaining claims. (4MTD at 7.) Judge
18   Porter's R&R denied Defendants' motion as to this claim. Judge Porter found that this Court
19   never dismissed the indifference to safety claim without leave to amend. (4R&R 8.) Defendants'
20   objection to the R&R reraises the argument made in the motion to dismiss.

21   This Court finds that Plaintiff's deliberate indifference to safety claim is within the scope
22   of allowable claims. Plaintiff's SAC put Defendants on notice of the Eighth Amendment
23   deliberate indifference to safety claim. After the SAC was dismissed, the TAC made the same
24   allegations. That Defendants chose not to address those allegations in their motion to dismiss the
25   TAC is a decision Defendants will have to live by.

26   This Court recognizes that Judge Porter failed to mention the deliberate indifference claim
27   as a remaining cause of action in her R&R for the TAC. But that failure does not control the scope
28   of Plaintiff's complaint. Avoiding the claim is not a windfall Defendants are entitled to.

Plaintiff's Fourth Amended Complaint properly alleges an Eighth Amendment deliberate indifference to safety claim. Defendants argue that the claim is beyond the scope of claims allowed after Defendants motion to dismiss third amended complaint was adjudicated. And on that basis Defendants hope to avoid the claim. This Court disagrees. The deliberate indifference to safety claim is not beyond the scope of claims allowed. The Court **ADOPTS** Judge Porter's recommendation and **DENIES** Defendants' motion to dismiss on this claim.

**B.     First Amendment Retaliation Claim**

Plaintiff's First Amendment claim alleges that Defendants Rush, Barajas, Ibarra, Alderete, Lopez, Gonzalez, Rodriguez-Toledo, Martinez, Hernandez, Teeters, Nutt, Rodiles, and Greenwood retaliated against him in violation of his First Amendment rights. (4AC ¶ 29, 31, 36, 37, 38, 52–60.) Plaintiff asserts that these Defendants—having discovered his decision to file an administrative appeal against them—abused him verbally and provoked other inmates to attack him. (*Id.*) Defendants move to dismiss this claim, and the R&R recommends denying the motion.

Defendants object to the R&R, arguing that Plaintiff's First Amendment Retaliation claim against all Defendants except Greenwood should be dismissed because it was not properly exhausted. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff here properly exhausted one administrative complaint: the one filed on November 27, 2005, Log No. A0502335. (ECF No. 101.) The issue therefore is whether Plaintiff's retaliation claim was within the scope of that administrative complaint. Defendants argue that it was not, and thus the retaliation claim was not properly exhausted.

A Plaintiff need not recite "every possible theory of recover or every factual detail that might be relevant" in order to exhaust a claim. *Gomez v. Winslow*, 177 F. Supp. 2d 977, 983 (N.D. Cal. 2001) (citing to *Sheptin v. United States*, 2000 WL 1788512 (N.D. Ill. December 5, 2000)). The administrative complaint need only put the prison "on notice of facts it should discover during its investigation of the claim." (*Id.*)

1  Plaintiff's administrative complaint alleged sufficient facts regarding his retaliation claim.
2 After discussing his improper placement with a general population prisoner, Plaintiff asserts that
3 he wishes to be transferred "to prevent any and all 'C-DC' correctional officers retaliation against
4 [him] in the future." (ECF No. 101 at 26.) This statement can be interpreted several ways,
5 reasonable among them that Plaintiff's placement with a general population prisoner was
6 retaliatory in nature.

7  The Court finds, therefore, that Plaintiff asserted sufficient facts to put his First
8 Amendment retaliation claim within the scope of the November 27, 2005 administrative
9 complaint. And because this administrative complaint was properly exhausted, the retaliation
10 claim was also exhausted. The Court **ADOPTS** the recommendation and **DENIES** Defendants'
11 motion to dismiss on this claim.

12 **CONCLUSION**

13  For the reasons stated above, the Court **ADOPTS** Magistrate Judge Porter's Report and
14 Recommendation in its entirety.

15  **IT IS SO ORDERED.**

17 DATED: August 25, 2011

18  *Janis L. Sammartino*
Honorable Janis L. Sammartino
19 United States District Judge