UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ISIDRO ROMAN, | Civil No.   07cv1343-JLS (DHB) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| DERRAL G. ADAMS, et al., | **[ECF No. 133]** |
| Defendant. | |

On April 16, 2012, Plaintiff Isidro Roman, a state prisoner proceeding *pro se*, filed a Motion for Appointment of Counsel. (ECF No. 133.) Plaintiff contends that although "he has an understanding of some of what is going on with his case, he simply does not have a full grasp of what the Court is asking for him to do." (*Id.* at 2:5-7.) Further, Plaintiff contends that due to recent staff cutbacks at the prison where Plaintiff is incarcerated, "Plaintiff does not even know when and how he will be able to gain law library access." (*Id.* at 2:11-13.) In support of this contention, Plaintiff filed the Sworn Declaration of Troy Anthony Rhodes ("Rhodes Decl.") in which Mr. Rhodes, an employee of the law library at the Substance Abuse Treatment Facility, located in Corcoran, California (D Facility), states that major changes are occurring with the library system throughout the Substance Abuse Treatment Facility due to staff cutbacks, and that effective March 29, 2012, the D Facility law library will be shut down until a new library program can be instituted. (Rhodes Decl., at ¶ 3.) Plaintiff also contends that he has a "very limited" legal education. (ECF No. 133 at 2:15-16.)

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see*

1 *also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525.  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff asserts he lacks a full understanding of this action and that his access to the prison law library has been limited.  However, Plaintiff has not demonstrated facts which show that he has an insufficient grasp of his case or the legal issues involved, nor has he demonstrated an inadequate ability to articulate the factual basis of his claim. First, Plaintiff's *pro se* pleading survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Second, the Court's docket reflects that Plaintiff effected service of his Complaint and summons upon Defendants via the U.S. Marshal.  *See* 28 U.S.C. § 1915(d).  Third, the docket reflects Plaintiff's Third Amended Complaint and operative Fourth Amended Complaint each partially survived a Motion to Dismiss.  Fourth, Plaintiff's Fourth Amended Complaint comprises claims of deliberate indifference and retaliation—none of which are particularly "complex" or unique prison conditions claims under 42 U.S.C. § 1983.  *Cf. Agyeman*, 390 F.3d at 1103-04.  Finally, Mr. Rhodes sworn statement indicates that he believes the librarian from the E Facility "will be running the D Facility library on a [sic] every other day basis." (Rhodes Decl., at ¶ 4.)

/ / /

/ / /

/ / /

Accordingly, under the circumstances of this case, the Court finds that Plaintiff has not shown the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

DATED: May 1, 2012

DAVID H. BARTICK
United States Magistrate Judge